TRINIDAD F. DE PEREZ v. ANTONIA F. DE EVERETT.

No. 2503.

1. **Pleading.**—If a petition be sufficient to authorize the relief granted mere inconsistencies contained in it will not support a motion in arrest of judgment.

2. **Pleading—Nonjoinder of Parties.**—Nonjoinder of parties when presented for the first time after judgment will not support a motion in arrest of judgment. It must be specially pleaded before trial.

3. **Evidence—Fraud.**—In a suit by vendor against his vendee to cancel a deed for fraud the plaintiff is not required to deraign title from the sovereignty of the soil. The fraud of the purchaser being shown, he is entitled to a cancellation.

4. **Practice—Pleading.**—In a suit for cancellation of a deed for fraud in the purchaser, when in addition the prayer is for general relief and the purchaser was by virtue of the deed in possession, the decree canceling the deed should award a writ of possession under the prayer for general relief.

5. **Deed.**—It is necessary to the validity of a deed that the mind of the vendor comprehends and assents to its terms; hence if he, being ignorant and unable to read, is misled as to its terms by even a stranger to the contract, he is entitled to a decree canceling the deed, but only after tendering the consideration received, or if this consisted of specific articles then the articles or their value. If facts authorize a cancellation the plaintiff is entitled to a cancellation of the entire contract, though the deception which vitiated the deed had relation to only a part of the land conveyed.

ERROR from Duval. Tried below before Hon. J. C. Russell.
The opinion states the case.

*Stanley Welch* and *James O. Luby,* for plaintiff in error. — 1. Pleadings must be certain, and if the facts averred in a petition are inconsistent and exhibit a cause of action not susceptible of proof against the defendant impleaded, the judgment in favor of the plaintiff should be arrested; there can be no intendment of fact in favor of a party against his own admissions and allegations in the record. Rev. Stats., arts. 1187, 1195; Luckett v. Townsend, 3 Texas, 119; Hillebrant v. Booth, 7 Texas, 499; Sneed v. Moodie, 24 Texas, 160; Burks v. Watson, 48 Texas, 113, as to inconsistent exhibits; Sayles' Plead. and Prac., secs. 23, 25, 26.

2. The trial court should not give undue prominence to any issue of a cause in his charge to the jury by repetition of the law relating to special facts, and it is error to permit undue prominence of such special facts to be made to the jury by giving special charges asked by counsel and repeating substantially charges given in the main charge. Traylor v. Townsend, 61 Texas, 144; Powell v. Messer, 18 Texas, 405; Willis v. McNeill, 57 Texas, 465; Gray v. Burk, 19 Texas, 228; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 404; Hays v. Hays, 66 Texas, 607.

3. The court erred in overruling the motions for a new trial and arrest of judgment, because the general finding of the jury is unauthorized by the evidence; as no title to the town lots and blocks claimed was exhibited by plaintiff, and no evidence adduced of damages, or of the money had and received, to the amount of $673.42, or any part of it; and said

issues were not abandoned or withdrawn by plaintiff.   Colbertson v. Bee-son, 30 Texas, 76, and authorities; Lemmon v. Hanley, 28 Texas, 219; Whitlock v. Castro, 22 Texas, 113;  Parker v. Beavers, 19 Texas, 410; Paul v. Perez, 7 Texas, 345; Hall v. Jackson, 3 Texas, 309.

*Louis P. Bryant,* for defendant in error.—If a party desires to take advantage of any defectiveness in the form or manner of stating a fact in the pleadings of the opposite party he should do so by exception. Wells v. Fairbanks, 5 Texas, 586; Warner v. Bailey, 7 Texas, 517; More-land v. Atchison, 34 Texas, 351; Frosh v. Swett, 2 Texas, 488.

A defective charge can not be considered in the appellate court unless. the correct one was asked below and refused.   Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578.

COLLARD, JUDGE.—This suit was brought to cancel a deed.  Plaintiff below alleges in her petition that on the 9th day of June, 1876, in consideration of 500 ewes, she sold to Trinidad F. de Perez the south half of 3398 5-6 acres of land out of the lower tract of four leagues which is a part of eight leagues granted to Julian and Ventura Florez, which 3398 5-6 were inherited by her from her father, who was a son of Ventura Florez; that she owned 556 acres on the upper four-league tract, which is also a part of the eight-league grant, and also an undivided interest in the upper and lower San Diego town tracts of 320 acres each, consisting of blocks and lots, all of which she inherited, her interests being established by the decree of partition.

The petition declares that the agent of defendant below, one Calixto Tovar, practiced a fraud upon her by obtaining her signature to a deed not only to the south half of the 3398 acres sold but to one-half of her other lands, he causing her to believe by false representations that the deed only conveyed the south half of the 3398 acres, she not being able to read or write or speak the English language.   She signed the deed with her mark, and it was witnessed by one Arcadia Florez.   It purports to be acknowledged before James O. Luby, a notary public.

She declares in the petition that she did not acknowledge the deed. The petition further declares that by the decree of partition N. G. Collins and E. G. Perez were appointed trustees for the heirs of Ventura and Julian Florez, deceased, and were ordered to sell the town lots and to turn over to the heirs, the plaintiff being one of them, their shares of the proceeds.   The trustees were by the decree of partition invested with the title to the town tract for the purpose of making sales, but it was specially provided that they should hold the title in trust for the owners whose rights were established by the decree.   Upon this branch of the case the petition only prayed for cancellation of the deed and such other general and special relief as to the court seemed best.  Upon verdict for plaintiff

judgment followed canceling the deed to all the land except the south half of the 3398 acres, and authorized writs of possession against defendant.

There were motions by defendant in arrest of judgment and for new trial, which were overruled, and defendant brought the case to this court by writ of error.

The first assignment of error complains that the court should have arrested the judgment because the petition is contradictory and inconsistent, does not support the judgment, and especially the recovery of the lots and · the award of writs of possession for the lots, the petition showing that the · legal title to the same was by the decree vested in the trustees named. The second assignment is upon the same subject.

It will be noticed that there was no plea of nonjoinder of parties plaintiff and no demurrer to the petition. Mere inconsistencies in the petition if it is sufficient to authorize the relief granted will not support a motion in arrest of judgment (Heath v. Fraley, 50 Texas, 109), and in a case like this nonjoinder of parties must be specially pleaded; it was too late to raise the objection of nonjoinder after judgment. Ry. Co. v. Le Gierse, 51 Texas, 189; Davis v. Willis, 47 Id., 155.

Defendant claimed title by deed from plaintiff, and in a suit to cancel the deed for fraud the plaintiff was not required to show title other than the one conveyed, whether equitable or legal. It was only her equitable title that passed by the deed, and in a suit for its cancellation all that was necessary for plaintiff to do was to show her right to cancellation. If plaintiff was entitled to a cancellation of the deed she was entitled to complete relief under the prayer for general relief, and if defendant had by virtue of the deed obtained possession of the land, upon cancellation plaintiff was entitled to writ of possession; in short, to have every right or advantage obtained under the deed annulled.

The court instructed the jury in effect that if at the time plaintiff signed the deed it was represented to her that it only conveyed one-half of the 3398 acres, and she did not know it conveyed one-half of her interest in the other surveys, and she did not intend to convey her half interest in the other surveys, the deed would not be binding upon her. The charge did not require the jury as a condition to finding for plaintiff to find that defendant was in some manner, by agent or otherwise, responsible for the mistake or ignorance of plaintiff. The court also gave three special instructions asked by plaintiff reiterating the principle in the general charge, and in none of them was there any qualification as to defendant's knowledge of plaintiff's misunderstanding of the contents of the deed or participation in the alleged deception. Because of the want of such qualification in the charge, and because it was so frequently repeated, defendant assigned error.

We agree with appellant that undue prominence was given to the prin-

ciple upon which plaintiff was authorized to recover by the several repetitions of the principle in the charge. Floyd v. Rice, 28 Texas, 341; Vaughan v. Warnell, Id., 119; Powell v. Messer, 18 Id., 401.

As to the law of the charge we have this to say: If plaintiff was deceived as to the contents of the deed by false representations made to her by strangers, and she only intended to convey and believed she was conveying only the south half of her 3398 acre tract, but defendant acted innocently and in good faith paid a valuable consideration for the land described in the deed, plaintiff would be entitled to a cancellation of the deed upon the ground that her mind never assented to its terms (Link v. Page, 72 Texas, 592; Bishop on Con., 2 ed., secs. 346–45, *et seq.;* Pollock on Con., 401, *et seq.*); but in such case she should offer to restore the consideration received or its value. She does not in her petition offer to do this, and consequently she was not entitled to a cancellation of the deed. She had not offered to do equity, and was not in such an attitude before the court as entitled her to the charges given by the court.

In view of another trial we should add this: If plaintiff was imposed upon as she declares, and defendant was in no way connected with it, but paid the consideration in good faith with the understanding and belief that she had bought and plaintiff had sold the land described in the deed, she (the defendant) in case of rescission was entitled to an entire rescission of the sale if she wished it. The result of the trial was to reform the deed so as to compel defendant to take only the south half of the 3398 acres, without regard to the fact that she may have acted innocently and supposed she was paying for all the land the deed purported to convey; that is, it was adjudged that plaintiff should have a reformation of the deed upon her understanding of the terms of sale whether defendant so understood it or not. This was error. If defendant was not in fault her innocence would protect her from a compulsory purchase of only a part of the land at the price she may have believed she was giving for the whole of it as described in the deed.

We are of opinion there was technical error in permitting plaintiff to testify that she had not executed the deed. She did not allege that she did not execute it, but that she signed it only as a conveyance of a part of the land it purported to convey, and this is probably what she meant by her answer. It was certainly what was meant by the question propounded to her.

We are of opinion the cause should be reversed and remanded for a new trial.

*Reversed and remanded.*

Adopted March 26, 1889.