HOUGHTON & ROBINSON v. JAMES M. PURYEAR.

No. 583.

1. **Partnership—Community Property.**—Where the wife invests community funds in a partnership business, the husband, and not the wife, becomes a partner therein.

2. **Actions by Partnership—Conversion of Partnership Goods.**—The conversion of goods of a partnership is a tort against the firm, i. e., against both partners, and both partners generally should join in an action to recover damages to their joint property; one can not recover the entire damage, unless there are special reasons alleged and proved why he should sue on behalf of himself and his partner.

3. **Partnership Property—Presumption as to Partner's Interest.**—In the absence of proof to the contrary, partners are presumed to be equally interested in partnership funds and property, but a different interest may be shown by competent evidence.

APPEAL from Mason.   Tried below before Hon. W. M. ALLISON.

*W. R. Harris & Son, George F. Pendexter,* and *Warren W. Moore,* for appellants, cited Jones v. Epperson, 65 Texas, 428; Smith v. Bailey, 66 Texas, 553; Mitchell v. Mitchell, 80 Texas, 113; Purdom v. Boyd, 82 Texas, 135; Dan. Neg. Inst., secs. 252, 253; Mallock v. Glover, 65 Texas, 231; Blanchet v. Dugat, 5 Texas, 509; Bellington v. Hammond, 3 W. & W. C. C., sec. 295; Bradstreet Co. v. Gill, 72 Texas, 117; May v. Slade, 24 Texas, 205; Stachely v. Pierce, 28 Texas, 328; Parks v. Dial, 56 Texas, 264; Rowland v. Murphy, 66 Texas, 538; Kerbs v. Spies & Browne, 78 Texas, 355; Baker v. Abbot & Keller, 2 Texas Civ. App., 149.

No brief for appellee reached the Reporter.

JAMES, CHIEF JUSTICE.—Appellee sued Houghton & Robinson and the sheriff of Mason County to recover damages for a wrongful levy of an execution upon a lot of goods, wares, etc., which appellee claimed were in his possession and used by him in carrying on a liquor business. The execution was against J. F. Ottens, and plaintiff alleged, that J. F. Ottens was a partner with him in the business, which was being conducted under the firm name of James M. Puryear; that he and J. F. Ottens were to share the profits and losses in equal parts; that by the agreement the business was to be conducted in plaintiff's name, and under his exclusive control and management, and that he was to have exclusive management and control of all funds and property invested; that the sheriff levied the writ by seizing and taking possession of the entire stock and closing the place of business, and damages were asked for the value of the goods and for injury done plaintiff in respect to his credit and business standing, and in depriving him of the premises in which the business was carried on.

The sheriff was dismissed from the suit, and there was judgment against Houghton & Robinson for $507.12 and interest from the date of the levy, and of dismissal as to defendants Ottens and wife.

There is no brief on the part of appellee.

The court charged the jury that J. M. Puryear and J. F. Ottens were partners, and that the manner of levying a writ by a seizure of partnership property was wrongful.

The testimony concerning the funds invested in the business by Mrs. Ottens is such that the court was warranted in considering them to be community property (Jones v. Epperson, 65 Texas, 425; Smith v. Bailey, 66 Texas, 553), and therefore the charge properly declared that Puryear and J. F. Ottens, the husband, were partners. We think, however, that under the pleadings and evidence it was error to allow Puryear, who sued for himself, to recover the value of the goods taken, without regard to his interest in them or in the firm. It is true that the firm name was J. M. Puryear, and the action is brought by J. M. Puryear, but this must be treated as the suit of the individual, both because the petition so indicates, and because suits can not be maintained by the firm in the firm name. Frank v. Tatum, 25 S. W. Rep., 409.

The conversion of the goods of a partnership is a tort committed against the firm, i. e., against both partners, and generally they should join in the action to recover the damages to their joint property. Baker v. Abbot, 2 Texas Civ. App., 149.

If there were special reasons why one of the partners should be permitted to sue in behalf of himself and his partner and recover the entire damages, the same should have been alleged and proved, and as there is no effort in this petition to state such a case, it seems logical that plaintiff would be confined to damages that he himself had sustained by the levy. We do not concur in any rule which would admit of his recovering for damage appertaining to another. Levy v. McDowell, 45 Texas, 226.

If the evidence had clearly shown that Ottens had in fact no interest in the concern, upon a settlement of the accounts between the partners, we could see reason for sustaining the recovery by Puryear of the entire damages, for then the property and damages sustained would be his. Ford v. Smith, 27 Wis., 267; Walsh v. Adams, 3 Denio, 125. But this is not the effect of the testimony.

At law, partners hold as joint tenants, and one partner can recover from one who injures the partnership property his proportionate share of the full compensation, no matter whether the partnership is or is not solvent, and without regard to the state of the partnership accounts. 1 Sedg. on Dam., sec. 83. This is the statement of the rule in Walsh v. Adams. It does not seem to be applicable to courts which have power to administer both law and equity. Ford v. Smith, supra; Baker v. Abbot, 2 Texas Civ. App., 149; Sindelar v. Walker, 27 N. E. Rep., 59. It has been held, that in the absence of proof to the

contrary the partners are presumed to be equally interested in the partnership funds and property. Gould v. Gould, 6 Wend., 263; Peacock v. Peacock, 16 Ves., 49; Walsh v. Adams, supra. The plaintiff should recover in a different proportion, upon proof thereof; and on the other hand, the defendant would be permitted to show the interest plaintiff had in the goods by any competent evidence, and to have recourse to the accounts between the partners, if by such means the plaintiff's interest or want of interest in the goods converted can reasonably be arrived at. A different rule would admit of his recovery for damages not sustained by him. It occurs to us, that the solvency or insolvency of the concern would have no bearing on the issue as to the proportion of interest of each partner in the goods taken, as to a trespasser.

We are of opinion, that the charge which authorized his recovery of the value of all the partnership goods taken was incorrect.

We do not deem it necessary to discuss the case further. The measure of damages for goods converted is ordinarily with reference to their market value at the time, with interest.

*Reversed and remanded.*

Delivered April 3, 1895