AMARILLO COMMERCIAL CO. v. CHICAGO, R. I. & G. RY. CO. et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 21, 1911.)

1. PARTNERSHIP (§ 199*)—SUITS BY—PARTIES.
Suit cannot be brought by a partnership in the firm name.
[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 362-368; Dec. Dig. § 199.*]

2. JUSTICES OF THE PEACE (§ 174*)—PLEADING—AMENDMENT ON APPEAL.
Where objection that suit before a justice was brought by a partnership in the firm name was first made on appeal, it was proper to permit amendment correcting the error.
[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665-693; Dec. Dig. § 174.*]

3. JUSTICES OF THE PEACE (§ 96*)—PLEADING—AMENDMENT.
Amendment of the statement of a cause of action sued on before a justice by a partnership to correct error in suing in the firm name does not set up a new cause of action.
[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 328-332; Dec. Dig. § 96.*]

4. JUSTICES OF THE PEACE (§ 183*)—PROCEEDINGS—REVIEW.
Proceedings before a justice of the peace should be liberally construed.
[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 183.*]

5. JUSTICES OF THE PEACE (§ 183*)—REVIEW—PRESUMPTIONS.
Where, on appeal from justice's court in a suit by a partnership in the firm name, it appears that the process discloses the names of the members of the firm, and that the docket discloses no pleadings, it will be presumed that there was some oral pleading by plaintiff at the time the account was filed from which the justice received that information and which he failed to note upon the docket.
[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 705-714; Dec. Dig. § 183.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by the Amarillo Commercial Company against the Chicago, Rock Island & Gulf Railway Company and others. Judgment for defendants on appeal from justice's court, and plaintiff appeals. Reversed and remanded.

Cooper & Stanford, for appellant. Gustavus, Bowman & Jackson, Turner & Whorton, Spoonts, Thompson & Barwise, F. M. Ryburn, and Madden, Trulove & Kimbrough, for appellees.

HALL, J. This suit originated in the justice court, and the cause of action or statement filed by appellants was in the ordinary form of an account in which the creditor was designated as the "Amarillo Commercial Company," without alleging it to be a partnership or naming the individuals composing the firm. In the citations, which were issued and served upon each of the defendants, the name of the party plaintiff is given as the "Amarillo Commercial Company, a partnership, composed of A. S. Stinett and J. P. De Saussure." The names of the partners do not appear upon the transcript in the justice court, and the judgment is entered in favor of the plaintiff, the "Amarillo Commercial Company" and against the Ft. Worth & Denver City Railway Company and the Gulf, Colorado & Santa Fé Railway Company, and in favor of the Chicago, Rock Island & Gulf Railway Company, discharging the latter with its costs. Both first-named companies filed appeal bonds, payable to plaintiff and to their codefendant, Chicago, Rock Island & Gulf Railway Company, in which the appellant is designated as the "Amarillo Commercial Company, a partnership composed of A. S.

Stinett and J. P. De Saussure" both as obligees and also in that part of the several bonds wherein the judgment appealed from is sought to be described, the names of the plaintiffs in the judgment are set out. In the county court the appellee Ft. Worth & Denver City Railway Company filed a written answer, in which, amongst others not necessary to be noticed here, this special exception appears for the first time: "Defendant Ft. Worth & Denver City Railway Company specially excepts to plaintiff's statements of cause of action and petition herein, because it appears therefrom that plaintiff is an unincorporated commercial partnership, and cannot maintain a suit in a partnership name, but can only sue in the name of the members composing same." This answer was adopted in this particular by its codefendants. This exception was sustained, whereupon appellant filed what is styled "Plaintiff's Amended Statement," identical with the original filed in the justice's court, except that the name of the creditor is set out in the amendment as the "Amarillo Commercial Company, a firm composed of A. S. Stinett and J. P. De Saussure." The defendants then moved the court to strike out the amended statement upon the following grounds: (1) Because it is an attempt to make a party plaintiff in the county court where there was no party plaintiff in a justice court which had a legal entity. (2) Because the amount in controversy was less than $200, and this court has not the original jurisdiction of said cause, and the making of a party plaintiff in county court when there was no party plaintiff in the justice court would be instituting a new suit in this court of which it has no original jurisdiction. (3) Because from the pleadings, transcript, and judgment from the justice court it is made to appear affirmatively that the suit in the justice court was had and maintained in the justice court in the name of a partnership without giving the individual names of the members composing the partnership, while the amended statement gives the name of the partnership and the names of the individual members which would be making a party plaintiff in the county court and instituting a suit in this court, of which the court had no original jurisdiction. This motion was also sustained and the cause dismissed. The case is before us on two assignments of error, based upon the action of the court in sustaining the appellee's motion to strike out the amended statement: (1) Because it is shown by the entire record that the members of the firm were parties plaintiff in the justice court, and that the amendment did not make new parties; and (2) that if the effect of the amendment was to make new parties it was permissible by amendment to make parties plaintiff, and that the same did not change the cause of action or set up a new cause of action.

[1, 2] The rule is that a suit cannot be maintained by a partnership in the firm name. Houghton v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583, and the proceeding in the justice court was on that account erroneous; but when on appeal the defect in such a proceeding is assailed, as in this case by the appellee, by a special exception, which requires an amendment correcting the error, we think the appellant had a right to do so, even to the extent of bringing in the members of the partnership by name.

[3] Nor do we think it can be claimed that the amendment herein sets up a new cause of action. Missouri Pacific Railway Co. v. Smith (Sup.) 16 S. W. 803; Davis v. West Texas B. & T. Co. (Civ. App.) 116 S. W. 393; Fulton v. Thomas, 2 Willson, Civ. Cas. Ct. App. § 243.

[4, 5] Much indulgence and liberality must be exercised in passing upon proceedings had in the justice's court and where, as in the case at bar, the process which is the commencement of the suit shows the names of the members of the firm, and no oral pleadings on the part of the plaintiff are noted on the docket, it will be presumed that there was some oral pleading by plaintiff at the time the account was filed, from which the justice received that information, and which he failed to note upon the docket. Crawford v. Sanders (Civ. App.) 38 S. W. 820; Daniel v. Brewton (Civ. App.) 136 S. W. 815; Howard v. Faggard (Civ. App.) 32 S. W. 188; Bowman v. S. W. Land Co. (Civ. App.) 107 S. W. 585.

Because of the error of the court in sustaining the motion and dismissing the cause, the judgment is reversed, and the cause remanded.