HALE v. McKENZIE. (No. 8728.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 10, 1917.)

1. PARTNERSHIP ⊕═219(3) — JUDGMENT OF PARTNER IN INDIVIDUAL CAPACITY — SUIT FOR FUNDS.

Ordinarily it is error to enter judgment for a partner in his individual capacity, entitling him to recover funds shown to belong to the partnership.

2. PARTIES ⊕═80(2½)—NONJOINDER—WAIVER OF QUESTION.

Defendant in a partner's suit in his individual capacity to recover partnership funds, who failed at the proper time to have plaintiff's partner brought in as a party, and to have his rights determined, waived any question of nonjoinder of parties.

3. JUDGMENT ⊕═262—MOTION IN ARREST OF JUDGMENT—NONJOINDER OF PARTY.

Nonjoinder of parties, when presented for the first time after judgment, will not support a motion in arrest of judgment, but must be specially pleaded before trial.

4. APPEAL AND ERROR ⊕═1073(3)—HARMLESS ERROR — JUDGMENT FOR INDIVIDUAL PARTNER.

In a suit for commission against the owner of the ranch sold, who paid unpaid part into court and interpleaded plaintiff and defendant, where defendant claimed part of commission on ground that plaintiff's claimed partner had agreed to share it, though such claimed partner was not a party to the suit, judgment for plaintiff against defendant for the part of the commission which the owner had paid into court was not error prejudicial to defendant, where there was no agreement by plaintiff's claimed partner to pay defendant.

5. PARTIES ⊕═96(1) — OMISSION OF PERSONS INTERESTED—CONSENT OR DISCLAIMER.

Where persons who may be interested consent to a decree sought, or expressly disclaim all interest in the controversy, they are not necessary parties, unless their presence is required for the protection of other parties before the court, and any error in omitting them originally is cured by a subsequent consent or disclaimer.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by J. E. McKenzie against W. M. Coleman, who interpleaded R. P. Hale. From a judgment for plaintiff, defendant Hale appeals. Judgment affirmed.

J. M. Wagstaff, of Abilene, for appellant. Mahaffey & Fulwiler, of Abilene, for appellee.

BUCK, J. J. E. McKenzie sold certain ranch property in Taylor county belonging to W. M. Coleman, for the sum of $48,500, at an agreed commission of 3 per cent. on the selling price. R. P. Hale claimed that he was entitled to one-third of the commission, by reason of the alleged fact that he had pointed out to R. C. Burleson the Coleman ranch, and told said Burleson that he (Hale) had it for sale, and that if he (Burleson) and McKenzie would get a purchaser for it that he (Hale) would divide the commission with them, and that Burleson, whom Hale claimed was a partner with McKenzie in the real estate business, agreed to this arrangement. Coleman paid 2 per cent. of the commission claimed by McKenzie, and upon suit being filed by McKenzie against him for the other 1 per cent., he deposited in the registry of the court the 1 per cent., represented by $485, and in answer to plaintiff's suit pleaded that he owed some one the $485, and alleged that there was a controversy between Hale and McKenzie as to the right to this amount, and he prayed that the court determine the rights of the claimants McKenzie and Hale to this fund, and that he (Coleman) be discharged with his costs.

McKenzie denied that either he or R. C. Burleson entered into any agreement with Hale, who had been made a party defendant, whereby they agreed to divide any commission with Hale, and denied that any agreement had been entered into between him and

Burleson, whereby they were to give Hale one-third of the commission for the sale of said land, and denied that he and Burleson were partners in the real estate business or were acting together in the sale of said land, but alleged that he had begun preparations to sell said land before he ever heard that Hale was trying to sell same, and that he in person made a contract for the sale of said land with the defendant Coleman.

The cause was submitted to a jury on special issues, and the jury found: (1) That at the time Hale claimed to have made an agreement with Burleson as to a division of commissions on the sale of the Coleman ranch, said Burleson and McKenzie were partners in the sale of said ranch; (2) that said Burleson did not agree to pay Hale a part of the commission on the sale of the ranch. Thereupon the court entered a judgment that McKenzie recover from Coleman and Hale the sum of $485, then deposited in the registry of the court, and that Hale take nothing by his cross-action, and that McKenzie recover from Hale all costs. From this judgment, Hale has appealed.

Appellant urges in his first assignment that the judgment entered on the special finding of the jury is contrary to the law and the evidence, in that the jury found that McKenzie and Burleson were partners in the sale of the Coleman ranch, and therefore were partners in the fund sued for, and that plaintiff having brought suit in his individual capacity, and Burleson not being a party to the suit, it was error to render judgment for McKenzie for the funds in dispute; that the court should have set aside the judgment and required the other partner to be brought into court and be made a party to the suit.

[1-3] Appellant cites the cases of Speake v. Prewitt, 6 Tex. 257, and Houghton v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583, and many others might be cited, to sustain the proposition that ordinarily it is error to enter judgment for plaintiff in his individual capacity, entitling him to recover funds shown to belong to the partnership. This rule of law is established for a dual purpose: First, to protect the other partners who have a community interest in the fund or property sought to be recovered, and, second, to protect the adverse party, against whom a judgment may have been obtained, from having to respond to a second suit brought by the partner or partners not made parties litigant in the first suit. If appellant here, defendant below, desired to have Burleson made a party to the suit, he could have done so by a proper motion or pleadings, and had Burleson brought in and his rights determined. Having failed so to do at the proper time, he must be held to have waived any question of nonjoinder of parties. Nonjoinder of parties, in cases like the present, when presented for the first time after judgment will not support a motion in arrest of judgment. It must be specially pleaded before trial. De Perez v. Everett, 73 Tex. 431, 433, 11 S. W. 388; Railway Co. v. Smith, 19 Tex. Civ. App. 114, 47 S. W. 279, writ denied.

[4] Moreover, in this case the jury having found that in fact there was no agreement by Burleson to pay Hale a part of the commission, the appellant failed to show any error prejudicial to him by reason of the judgment entered. M. P. Ry. Co. v. Smith, 84 Tex. 348, 351, 19 S. W. 509; 2 Rowley's Modern Law of Partnership, § 802, p. 1106. Burleson testified that he was not a partner with plaintiff in the land business, and that he did not agree with Hale that they would sell the Coleman ranch and divide the commission. McKenzie, in his testimony, also denied the partnership with Burleson in the land business, or in the sale of this particular ranch. He testified that Burleson was his son-in-law, and that frequently they divided profits in the cattle business, and that he had divided commissions with Burleson in the sale, made shortly before this transaction, of the ranch belonging to Hale, because he desired to help his son-in-law along. In Bank v. Seton, 1 Pet. 299, 306, 7 L. Ed. 152, 155, it is said:

"The general rule, as to parties, undoubtedly is that when a bill is brought for relief, all persons materially interested in the subject of the suit ought to be made parties, either as plaintiffs or defendants, in order to prevent a multiplicity of suits, and that there may be a complete and final decree between all parties interested. But, this is a rule established for the convenient administration of justice, and is subject to many exceptions; and is, more or less, a matter of discretion in the court; and ought to be restricted to parties, whose interest is involved in the issue, and to be affected by the decree. * * * It is a well-settled rule that no one need be made a party, against whom, if brought to a hearing, the plaintiff can have no decree."

[5] Even as against Coleman, who is not a party to this appeal, and therefore makes no complaint of the judgment rendered, no error is shown, inasmuch as Burleson, who testified in the case and denied that any partnership existed, would be estopped from setting up any claim as against Coleman in the amount of the commission deposited by Coleman in the registry of the court.

"Where persons who may be interested consent to a decree sought, or expressly disclaim all interest in the controversy, they are not necessary parties unless their presence is required for the protection of other parties before the court, and any error in omitting them originally is cured by a subsequent consent or disclaimer." 15 Encyc. of Pleading and Practice, page 625.

Finding no prejudicial error in the judgment rendered, appellant's single assignment is overruled and the judgment is affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.