GRUNDY et al. v. GREENE.   (No. 1981.)

(Court of Civil Appeals of Texas.   Texarkana. Nov. 30, 1918.   Rehearing Denied Dec. 19, 1918.)

1. HUSBAND AND WIFE ⬤⟿273(9)—COMMUNITY DEBT—WIFE'S PAYMENT OF PURCHASE-MONEY NOTE.

Where notes held by defendant constituted a valid, subsisting community debt, secured by a vendor's lien on the land, the purchaser's surviving wife had a legal right, if necessary, to convey the land in settlement of the notes.

2. DEEDS ⬤⟿69 — IGNORANCE OF CHARACTER AND CONTENTS—RESCISSION.

Without culpable negligence on part of a grantor, and where the rights of innocent third parties do not intervene, one executing a deed in ignorance of its character and contents and delivering it under the impression that it was for another purpose, under certain conditions, may be relieved from its terms.

3. TRESPASS TO TRY TITLE ⬤⟿35(2)—PLEA OF NOT GUILTY—PROOF—LATITUDE.

Much latitude is allowed in suits to recover the title and possession of realty when plaintiff's petition is in the ordinary form of an action of trespass to try title and is only met by a plea of not guilty.

4. TRESPASS TO TRY TITLE ⬤⟿35(2)—INVALIDITY OF DEED—PLEADING—FRAUD.

In trespass to try title met only by a plea of not guilty, either party may offer evidence by way of confession and avoidance, and, under certain conditions, may prove that a deed relied upon by his adversary is void because procured by fraud, or as the result of mistake.

5. TRESPASS TO TRY TITLE ⬤⟿47(1)—AFFIRMATIVE RELIEF—PLEADINGS.

In trespass to try title, met only by a plea of not guilty, affirmative relief to plaintiff, because the deed relied upon by his adversary was void for fraud or mistake, will be granted in response to appropriate pleadings bringing himself within the conditions that entitle him to a rescission.

6. CANCELLATION OF INSTRUMENTS ⬤⟿37(4)—DEEDS—RESTORATION OF CONSIDERATION.

When transaction out of which a conveyance results involves payment of a valuable con-

sideration by grantee, the grantor cannot have the land and the money too, and if he elects to rescind and reclaim land he must restore or offer to restore what he has received from his grantee, and should by his pleading inform the court as to such facts.

**7. TRESPASS TO TRY TITLE ☞4—CONDITIONS PRECEDENT.**

Surviving wife and children, suing in trespass to try title after decedent's notes secured by a vendor's lien had been barred by limitations, might satisfy the debt or offer to pay it as a condition to cancellation of surviving wife's deed to defendant, and so enable court to adjust their equities.

**8. TRESPASS TO TRY TITLE ☞25—LACHES.**

One seeking to repudiate a contract for fraud or mistake must act promptly on discovery thereof, and where plaintiff admitted that in 1913, less than a year after her deed to defendant, she learned that he was claiming the land, a suit in trespass to try title not filed until latter part of February, 1916, justified a finding that the right of possession had been lost.

**9. DEEDS ☞17(2)—INADEQUACY OF CONSIDERATION.**

Where, in payment of indebtedness of about $1,000, land was conveyed which the evidence offered by grantor tended to show was worth about $1,500, the difference between its value and the indebtedness was not so great as to require court to set aside deed for inadequacy of consideration alone.

**10. APPEAL AND ERROR ☞736—ASSIGNMENT OF ERROR—MULTIFARIOUSNESS.**

An assignment of error complaining of the court's refusal to submit certain different issues was multifarious, and for that reason should be disregarded.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Trespass to try title by Eliza Grundy and others against F. M. Greene. Judgment for defendant, and plaintiffs appeal. Affirmed.

Mahaffey, Keeney & Dalby, of Texarkana, for appellants.

O'Neal & Allday, of Atlanta, for appellee.

HODGES, J. The appellants are the widow and adult children of Emanuel Grundy, who died in 1909. They instituted this suit against the appellee, Greene, to recover 169½ acres of land situated in Cass county. The pleadings of the plaintiffs were in the ordinary form of an action of trespass to try title, and the answer was simply a plea of not guilty. The proof showed that Emanuel Grundy had purchased the land many years before his death. Papers which were introduced as evidence of title showed that he had executed five promissory notes as part of the original purchase price. There was some dispute as to whether or not those notes had been satisfied prior to his death. For the purpose of defeating the prima facie title shown by the deeds to Grundy, the appellee offered in evidence a deed executed by the appellant Eliza Grundy as the surviving widow of her deceased husband, conveying the land in controversy to the appellee in consideration of the cancellation of the five purchase-money notes before referred to. This deed was dated December 18, 1912, was in the ordinary form of an absolute conveyance, and properly acknowledged. The five notes were also offered in evidence, showing that they were marked canceled on the date the deed was executed. The evidence further showed that Eliza Grundy remained in possession of the premises until some time during the year 1915, when she was forcibly ejected.

The appellants endeavored to evade the force of the conveyance from Eliza Grundy to Greene, by proof that Eliza was an ignorant and illiterate negro woman; that at the time she executed the deed she did not know its contents, and signed it under the impression that the instrument merely conveyed a right to the rents due from her tenants for the purpose of satisfying a debt claimed by Greene. They also offered evidence tending to show that there was an agreement between Emanuel Grundy prior to his death and the appellee Greene, whereby the latter accepted the conveyance of another tract, known as the Sulphur land, in payment of the purchase-money notes given for the land in controversy. This testimony, however, was disputed.

The court submitted the following special issues: (1) Did Emanuel Grundy owe a community debt to F. M. Greene, including the vendor's lien notes on the land in controversy, at the date of Emanuel Grundy's death? (2) Did Eliza Grundy execute and deliver in December, 1912, the deed conveying the land in controversy to F. M. Greene? Both of these questions were answered in the affirmative. (3) Did Eliza Grundy know at the time of the execution of that deed that it was a deed conveying the land in controversy to F. M. Greene in satisfaction of the vendor's lien notes held by him against the land? This question the jury answered in the negative. Upon these answers the court entered up a judgment in favor of the appellee Greene. In this appeal the appellants insist that under those findings the judgment should have been in their favor.

The answers of the jury established substantially the following facts: That Emanuel Grundy died leaving unpaid the five purchase-money notes given for the land; that these notes constituted an existing community debt at the time of his death; that Eliza Grundy did execute the deed relied upon by the appellee as the basis of his title; but that she did not at the time know its true nature and purpose, and did not intend to convey the land.

[1] There being no contention that the

notes were paid after the death of Emanuel Grundy and prior to the conveyance made by his widow in December, 1912, the conclusion of the jury that they were unpaid at the time of his death was, in effect, a finding that the notes were not settled in the sale of the Sulphur tract of land at an earlier date. It follows that, when Eliza Grundy made her conveyance to Greene, the notes held by him constituted a valid and subsisting community debt secured by a lien on the land, for the payment of which she had a legal right, if necessary, to convey the land.    Morse v. Nibbs, 150 S. W. 766, and cases cited; Speer's Law of Mar. Rights, § 581.

[2-6] The question then arises: Does the fact that Eliza Grundy did not know the character and contents of the instrument at the time she signed it, and that she executed and delivered it under the impression that it conveyed only rents from the premises, require the rendition of a judgment in her favor? It is well settled that in the absence of culpable negligence on the part of the grantor, and where the rights of innocent third parties have not intervened, one who executes a deed under such circumstances may, under certain conditions, be relieved from its terms. De Perez v. Everett, 73 Tex. 431, 11 S. W. 388; Edwards v. T. & B. V. Ry. Co., 54 Tex. Civ. App. 334, 118 S. W. 572. But that relief will be granted only in response to appropriate pleadings. Much latitude is allowed in suits to recover the title and possession of real estate when the plaintiff's petition is in the ordinary form of an action of trespass to try title and is met with only a plea of not guilty. In such cases either party may offer evidence by way of confession and avoidance, and may, under certain conditions, prove that a deed relied on by his adversary is void because procured by fraud or as the result of a mistake. McSween v. Yett, 60 Tex. 183, and cases cited. But the plaintiff is entitled to no affirmative relief except that sought in his petition. When, in order for him to recover the title or possession, it is necessary that he be relieved from the provisions of a conveyance valid upon its face, but conditionally voidable, there is something more involved than the mere legal right of possession. The right of recovery depends upon the right of rescission and he should by appropriate pleadings bring himself within the conditions that entitled him to have a rescission. When the transaction out of which a conveyance results involves the payment of a valuable consideration by the grantee, the grantor cannot have the land and the money too. If he elects to rescind and reclaim his land, he must restore, or offer to restore, what he has received from his grantee and has no right to retain, and should in his pleadings acquaint the court with these facts.

In this case the deed of Eliza Grundy was valid upon its face; its execution was admitted; and it was based upon a valuable consideration, the cancellation of the purchase-money notes. She was clearly not entitled to hold this land freed from the debt with which it was incumbered; and it devolved upon her, if she wished to avoid her deed, to satisfy the debt or to restore or offer to restore the creditor to his original status. Until she did that, her deed was binding. Chaney v. Coleman, 77 Tex. 100, 13 S. W. 850; State v. Snyder, 66 Tex. 687, 18 S. W. 106; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509; Parks v. Knox, 61 Tex. Civ. App. 493, 130 S. W. 209; 2 Black on Res. & Can. §§ 590, 610, 626. Her claim to the right of having her deed canceled presented an issue which the trial court was required to determine in her favor as a condition precedent to a decree awarding her the land. Such an issue must be presented by appropriate pleadings seeking the equitable relief necessary. 5 Pomeroy, Eq. § 4; 4 Ruling Case Law, p. 518. The appellants have not in this case asked for any such relief, nor have they offered to comply with the conditions upon which the deed should be canceled. De Perez v. Everett, supra; 6 Pomeroy, Eq. § 688.

[7] Even if we should assume that the pleadings are sufficient to enable the court to inquire into and adjust all the equities which the parties might claim, including the cancellation of Eliza Grundy's deed, he had a right to deny a recovery of the land when the appellants made no pretense of an offer to do equity. At the time Eliza Grundy executed her deed, the purchase-money notes were due and were secured by a vendor's lien upon the land. At the time this case was tried, they had become barred by limitation, and the lien was lost. The court had no power to forcibly restore an extinct debt and lien; but the appellants had a right to satisfy the debt or offer to pay it as a condition to the cancellation of the deed, and thus enable the court to adjust their equities. But they failed to do this, and the trial judge had a right to construe that failure as a refusal.

[8] There is still another ground for holding that the trial court was not required to enter up a judgment in favor of the appellants. It is elementary that one who seeks to repudiate or cancel a contract for fraud or mistake must act promptly upon a discovery of the fraud or mistake. Eliza Grundy admitted that in the fall of 1913, less than a year after she signed the deed, she learned that Greene was claiming the land. In 1915 she was ejected from the premises. This suit was not filed till the latter part of February, 1916, or more than three years after the deed had been executed. That delay, and the conditions which it brought about, were sufficient to justify a finding by the court that the right of rescission had been lost. G., H. & S. A. Ry. Co. v. Cade, 100 Tex. 37, 94 S. W. 219; Crutchfield v. Stanfield, 2 Posey, Unrep. Cas. 480; 6 Pomeroy on Eq. § 687.

[9, 10] Appellants also insist that the court

should have submitted other special issues: One, finding the amount due on the notes; another, the issue relating to the sale of a different tract of land; a third, the value of the land; and, a fourth, did Grundy and wife deed Sulphur tract of land in payment of the notes? The answers to some of these questions are involved in the answers to those submitted. Appellants offered evidence tending to show that the land was worth about $1,500 at the time of its conveyance to Greene. There was other evidence that there was something over $1,000 then due upon the notes. The difference between the value of the land and the amount of the indebtedness was not so great as to require the court to set aside the deed for inadequacy of consideration alone. However, the assignment complaining of the refusal of the court to submit those issues is multifarious, and for that reason we think it should be disregarded.

The judgment is affirmed.

───────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes