WESTERN UNION TELEGRAPH CO. v.
MORGAN. (No. 2227.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 19, 1920. · Rehearing Denied
March 4, 1920.)

1. JUDGMENT ☞609—JUDGMENT FOR SEND-
ER OF TELEGRAM FOR DELAY IN DELIVERY
NOT BAR TO ACTION BY ADDRESSEE.

Mother's recovery of damages for delay in
delivery of her telegram to son, informing him
of daughter's impending death, did not preclude
son from recovering damages for inability to
be present at his sister's funeral; the tele-
graph company's liability to mother and son
being several and not joint.

2. TELEGRAPHS AND TELEPHONES ☞73(4)—
ADDRESSEE NOT GUILTY OF CONTRIBUTORY
NEGLIGENCE AS A MATTER OF LAW.

Brother suing telegraph company for negli-
gent delay in delivery of a telegram as to sis-
ter's impending death, preventing him from be-
ing present at her funeral, was not, as a mat-
ter of law, contributorily negligent in not leav-
ing for his sister's bedside without telegram,
though he knew that she was critically ill.

3. TELEGRAPHS AND TELEPHONES ☞53—NEG-
LIGENT DELAY IN DELIVERY PROXIMATE CAUSE
OF ADDRESSEE'S DAMAGE.

The failure of a brother, knowing sister to
be critically ill, to go to her without receiving
telegram that she could not live did not pre-
clude him from recovering for negligent delay
in delivery of telegram preventing his presence
at the funeral; the telegraph company's neg-
ligence, and not his negligence, being the prox-
imate cause of his failure to be present.

Appeal from District Court, Franklin
County; J. A. Ward, Judge.

Action by Willis Morgan against the West-
ern Union Telegraph Company. Judgment
for plaintiff and defendant appeals. Affirmed.

October 13, 1917, appellee's sister, Mrs.
Ruth Ellis, was dangerously ill at the home
of their mother, Mrs. T. J. Barrett, in Mt.
Vernon. Appellee was then a soldier training
at Camp Travis, San Antonio. At 12:40
o'clock of the afternoon of said October 13
a message, as follows, was delivered to appel-
lant at Mt. Vernon for transmission to ap-
pellee at San Antonio: ·

"Willis Morgan, Camp Travis, Co. I, 359th
Infantry, San Antonio, Texas.—Ruth is not ex-
pected to live unless change in condition.
[Signed] Mrs. T. J. Barrett."

Mrs. Ellis died at 9 o'clock of the evening
of said October 13. Her remains were held
in Mt. Vernon until 3:30 of the afternoon of
October 14, when they were shipped to Oma-
ha, where they were buried the same after-
noon. The message set out above was not
delivered to appellee until several days after
the day it was sent. Had it been delivered
to him as promptly as it should have been

appellee could and would have left San An-
tonio in time to have reached Mt. Vernon
before the remains of his sister left that
place, and would have accompanied same to
Omaha and been present at the funeral.

At 7:30 o'clock of said afternoon of October
13 another message, as follows, was delivered
to appellant at Mt. Vernon for transmission
to appellee at San Antonio:

"Willis Morgan, Camp Travis, Co. I, 359 Inf.,
San Antonio, Texas.—Ruth very bad; can't
live long. [Signed] Mrs. Barrett."

This message was delivered to appellee at
12 o'clock m. October 14, when he wired his
mother to expect him, and left on the first
train out of San Antonio for Mt. Vernon,
reaching the latter place at about 3 o'clock of
October 15. Appellee's message to his mother
did not reach Mt. Vernon until after she had
left that place with her daughter's remains
for Omaha, and was not delivered to her
until she returned to the former from the lat-
ter place. On the trial of appellee's suit
against appellant for damages the court
found that the failure of appellant to prompt-
ly deliver the first message was due to neg-
ligence on its part which prevented appellee
from being present at his sister's funeral, and,
having also found that appellee was without
fault in the matter, and that he had suffered
damage in the sum of $500, rendered judg-
ment in his favor for that sum.

Chas. S. Todd, of Texarkana, Francis R.
Stark, of New York City, and W. H. Flippen,
of Dallas, for appellant.

Wilkinson & Davidson, of Mt. Vernon, for
appellee.

WILLSON, C. J. (after stating the facts
as above). In its answer to appellee's suit
appellant alleged that—

"The telegraph messages upon which this
suit is based constituted and was a joint con-
tract, and not joint and several, between the
sender thereof, Mrs. T. J. Barrett, and this de-
fendant, and but one and only one recovery of
damages for breach thereof can legally be had;
and that the sender of said messages, Mrs. T.
J. Barrett, by suit in this court—a court of
competent jurisdiction—against this defendant
recovered a final judgment against this defend-
ant for $500 and all cost of suit, which judg-
ment * * * this defendant has paid in full.
Defendant says the question of the liability of
this defendant, and to whom liable, for breach
of said contract evidenced by said messages
was by said suit and proceedings fully and
finally adjudicated, and defendant cannot be
legally held to any other or further liability.
Wherefore defendant now here pleads the pro-
ceedings and judgment in said suit of Mrs. T.
J. Barrett v. Western Union Telegraph Com-
pany as res judicata in bar of any recovery of
plaintiff in this suit."

[1] It will be noted that the allegation was
that appellee's suit was on—

"a joint contract, and not joint and several, between the sender of the message, Mrs. T. J. Barrett, and this defendant."

What the pleader meant to say, no doubt, was that if a liability on appellant's part under the contract arose in favor of both appellee and his mother, the liability was to them jointly and not severally. Giving that meaning to the plea, we are of the opinion, nevertheless, that the assignment predicated on the action of the trial court in sustaining appellee's exception thereto should be overruled. The liability of appellant to appellee and his mother was to them severally and not jointly. Appellee had no interest whatever in any sum his mother was entitled to recover of appellant, and his mother had no interest whatever in any sum he was entitled to recover of it. Beckwith v. Talbot, 95 U. S. 289, 24 L. Ed. 496; Telegraph Co. v. Morrow, 208 S. W. 689; 9 Cyc. 704; and see Hale v. McKenzie, 198 S. W. 1004.

[2, 3] It appeared without dispute in the testimony that appellee knew as early as Thursday before the Saturday when his sister died that she was ill and "in a dangerous condition." It further so appeared that appellee then could have left San Antonio for Mt. Vernon, and that had he done so he would have reached the latter place on Friday. Appellant insists that it therefore appeared as a matter of law that appellee—

"was guilty of contributory negligence in failing so to do, and that his own negligence, and not its negligence, was the proximate cause of his failure to see his sister before her death and to attend her funeral."

The contention will be overruled. Proof that appellee on Thursday knew his sister was critically ill and did not go to her, considered in connection with the other circumstances of the case, might have warranted, but certainly did not demand as a matter of law, a finding that he was guilty of negligence. His mother having written as appellee's mother did, we think a reasonably prudent person, situated as the testimony showed appellee was, might very well have delayed going to his sister in the expectation that if her condition did not improve or become more threatening his mother would, as appellee's mother endeavored to, promptly advise him of the fact by wire. Telegraph Co. v. Drake, 14 Tex. Civ. App. 601, 38 S. W. 632; Telegraph Co. v. Lydon, 82 Tex. 364, 18 S. W. 701. But if we thought otherwise the contention still would be overruled, in view of the testimony of appellee that he could and would have left San Antonio on Saturday had the message first sent on that day been promptly delivered to him, and that leaving that day he could and would have reached Mt. Vernon in time to have accompanied his sister's remains to Omaha. If he could and would

have done that, and did not because of appellant's negligence in failing to promptly deliver said telegram, then it seems to us if he was negligent in not going to his sister on Thursday or Friday, his negligence should not be, and appellant's said negligence should be, held to be the proximate cause of his failure to be present at his sister's funeral. Telegraph Co. v. Reynolds, 140 S. W. 121; Mitchell v. Telegraph Co., 12 Tex. Civ. App. 262, 33 S. W. 1016; 2 Joyce on Electric Law, § 738a.

The judgment is affirmed.