EMPIRE TRANSFER & STORAGE CO. v. SIMON. (No. 8785.)

(Court of Civil Appeals of Texas. Dallas. March 24, 1923.)

1. **Appeal and error** ⟺209(1)—Consideration of assignment of error not excepting to charge, but to insufficiency of evidence to support verdict, held not prohibited by statute.

Where an assignment of error and proposition thereunder and motion for new trial constitutes no complaint against charge of court as such because not objected to at trial, but distinctly embodies an attack only upon the verdict as being without support in evidence, Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, does not prevent the appellate court from considering the assignment.

2. **Appeal and error** ⟺230—Party not objecting to peremptory instruction may have it reviewed on appeal on basis of assignment of error embodied in motion for new trial.

When a peremptory instruction is given, the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, do not apply, and, without objecting to the instruction, the party against whom it is given may have the action of the court reviewed on appeal on the basis of an assignment of error embodied in the motion for new trial, though no exception to the charge is filed before it is submitted to the jury.

3. **Trover and conversion** ⟺49—Measure of damages stated.

The measure of damages for the conversion of an article is the market value at the time of the conversion with interest thereon from that time at the legal rate, and not the highest market value at any time between the date of conversion and the trial.

4. **Trover and conversion** ⟺40(6)—Proof of value of article converted held insufficient.

In an action for conversion of a secondhand cash register, where the only evidence of value was the special value to plaintiff and special value in exchange for new ones, and the evidence revealed existence of a market, but no secondhand market value was proved, held, that the judgment must be reversed.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Action by Edgar Simon against the Empire Transfer & Storage Company. Judgment for plaintiff, and defendant appeals. Reversed, and cause remanded.

J. W. Gormley and Thomas, Frank, Milam & Touchstone, all of Dallas, for appellant.
Joe Utay, of Dallas, for appellee.

HAMILTON, J. Appellee sought in this suit to recover from appellant for the alleged conversion of a cash register which had been stored with appellant.

The case was tried below before the court and a jury. After defining conversion and the measure of damages applicable to the case, and also after instructing the jury upon the law of liability applicable for loss or injury of goods stored with a warehouseman, the court instructed the jury that, if they found for the plaintiff (appellee), under the proof, they should render a verdict in the sum of $475, with 6 per cent. interest, for him.

Under this charge the jury returned a verdict for appellee in the above-stated amount with 6 per cent. interest from the date of the failure by appellant to deliver to appellee the cash register upon his demand for it.

Appellant did not except to the charge of the court, and did not request that any special charge be given. However, the motion for a new trial contained an assignment of error to the effect that the testimony established the fact that there was a secondhand market in Dallas for such cash registers as that sued for, and that there was no evidence adduced to show its value in that market, and accordingly that the verdict was unsupported by any evidence. This assignment of error is brought forward in appellant's brief, and under it a proposition is submitted to the effect that, when a recovery is sought for conversion of a secondhand article, and a market is established at the place of conversion for such secondhand article, then, in case of failure to prove what such market price was in the market at the time of the conversion, or any time thereafter until the date of the trial, there is no evidence before the jury upon which to base a finding of the amount of damages.

The proof adduced in appellee's behalf clearly established the fact that there was a market in Dallas for secondhand cash registers. The record contains no proof in conflict with this evidence, and contains no proof of any character tending to show what was the secondhand value in the Dallas market of the cash register in suit. Appellee testified that he paid $500 for the cash register; that it was practically new, and was worth to him the purchase price which he paid for it. The local manager of the National Cash Register Company, of Dayton, Ohio, testified that appellee paid $500 for the cash register in March, 1920, which was several months before the date of the alleged conversion, and that the amount paid was the reasonable value of the cash register. On cross-examination he testified positively that he knew there was a market for secondhand cash registers in Dallas, but that he did not know the prices

which prevailed in that market. He further testified that his company did not buy secondhand cash registers, and that the only method by which he determined the value of secondhand registers was that adopted by his company in taking them in exchange for new ones, that when secondhand registers were thus taken in exchange the company allowed 10 per cent. of the regular purchase price per annum for depreciation of such cash registers, and that by this rule the register involved in this suit, after one year's use, would have an exchange value of $450, and that after six months from the date of sale this value would be $475. He testified that he had seen the cash register shortly before it was stored, and that it had not been appreciably damaged at that time, and that in exchange for a new one he would have credited it with a value of $475.

[1] The above-mentioned assignment of error and proposition thereunder constitute no complaint against the charge of the court as such. The assignment distinctly embodies an attack only upon the verdict of the jury as being altogether without adequate support in the evidence. Such being the nature of the contention embodied in this assignment of error, the requirements of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, do not prevent this court from considering it.

"Under amended article 1971 it is only objections to the charge which are to be considered as waived if not presented to the court before the charge is read to the jury. The statute does not say that failure to so object to the charge shall, in a motion for a new trial, preclude complaint of the verdict as being without sufficient evidence to sustain it." Elec. Ex. & Baggage Co. v. Ablon (Chief Justice Phillips' opinion) 110 Tex. 235, 218 S. W. 1034.

[2] Besides, while the trial court submitted to the jury the applicable rule of the measure of damages, yet that portion of the charge wherein the court instructed the jury that, if they found for the plaintiff, they should fix the amount of damages at $475, with 6 per cent. interest, was of the nature of a peremptory instruction upon this feature. This instruction stated the market value as a proved fact and withdrew from the jury consideration of the question of market value entirely, and left to the jury only the finding as to whether or not there had been an unlawful conversion, the proof of which was practically undisputed. When a peremptory instruction is given, the requirements of article 1971 do not apply, and without objecting to it the party to a suit against whom it is given may have the action of the court in this respect reviewed on appeal solely on the basis of an assignment of error embodied in the motion for a new trial, although no exception to the charge is filed before it

is submitted to the jury. Walker et al. v. Haley, 110 Tex. 50, 214 S. W. 295.

[3] The measure of damages for a conversion of the character here involved is not the highest market value of the cash register at any time between the act of conversion alleged and the date of the trial, as appellant's counsel suggest in their brief. It is the value of the cash register at the time of the conversion, with interest thereon from that time at the legal rate. Masterson v. Goodlett, 46 Tex. 402; Houghton v. Puryear, 10 Tex. Civ. App. 383, 30 S. W. 583; Grimes v. Watkins, 59 Tex. 133.

[4] The only evidence of value in this case being that of special value of the cash register to appellee, and that of special value in exchange of secondhand cash registers for new ones, and the proof conclusively revealing the existence of a market in Dallas for secondhand cash registers at the time of the conversion, it is imperative, under the state of the record, since no secondhand market was proved and found by the jury, that the judgment of the trial court be reversed, and the cause remanded. It is accordingly so ordered.

Reversed and remanded.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 23, 1923.