### T. F. Loftus v. E. King.

Decided March 8, 1900.

1. **Pleading—Joinder of Different Counts.**

A count for the reasonable value of goods sold, and another for the agreed price of the same goods and for foreclosure of a chattel mortgage thereon, may be pleaded together, and upon proof sustaining the latter count plaintiff may recover.

2. **Conditional Sale or Chattel Mortgage—Installment Plan—Seller's Option.**

Where a contract is made for the sale and purchase of furniture upon the installment plan, providing for monthly payments, and with an agreement that the title of the property is to remain in the seller until all payments are made, and that upon failure to pay any installment punctually the right of the purchaser in the property shall fail and the seller shall have the right to the possession and to treat all payments as rent, the seller may treat the contract as a chattel mortgage, and foreclose it for any one or more of the installments that may be in arrears.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*Fisher, Sears & Sherwood,* for appellant.

GARRETT, CHIEF JUSTICE.—The appellant brought suit in Justice Court of precinct No. 1 of Harris County, against the appellee for recovery upon an account for household furniture, and to foreclose a chattel mortgage thereon. Citation issued July 21, 1899. The statement of the cause of action on the justice's docket showed that appellant sued for the sum of $133.25, balance due, and for the foreclosure of a chattel mortgage on certain household furniture, which was described. On the same day that citation issued the appellant filed a sworn statement in the Justice Court to the effect that he was the legal owner and holder of a certain mortgage lien executed by the appellee to the W. C. Archer Furniture Company, executed on or about April 12, 1899, on certain personal property, describing the furniture, to secure the payment of $191.25; that the mortgage was just, valid, and subsisting for the sum of $133.25, and had been due since July 1, 1899. Foreclosure was prayed for. The appellee filed a written answer in which he pleaded under oath in abatement the appellant's right to recover in the capacity in which he sued, and non est factum as to the mortgage. There was a trial before the justice of the peace, and appellant recovered judgment.

In the County Court the appellant filed an amended petition in which he sought to recover on two counts: (1) for the reasonable value of the goods sold to the appellee by the W. C. Archer Furniture Company, which was alleged to $150.60, and (2) for an agreed price of $150.60, and the foreclosure of the chattel mortgage. He also pleaded an assignment of the account and chattel mortgage to himself by the W. C. Archer Furniture Company. A copy of the mortgage was set out in the petition. The instrument set out in the petition and styled therein a conditional contract of sale was executed by the appellee, E. King, on April 12, 1899, to the W. C. Archer Furniture Company. It is substantially an acknowledgment by the appellee of the sale to him of the furniture by the company for the sum of $150.60, on account of which he had paid $10 and agreed to pay $10 on the 12th day of each month thereafter until the entire purchase price should be fully paid, agreeing also that the title to the property should fully vest and remain with the furniture company until the property should be fully paid for according to the terms of the contract. It was agreed that if the appellee should fail to pay the installments of money or any one thereof punctually, the interest of appellee in the property should fail and the furniture company should have the right to take possession thereof and treat all payments as rent.

The case was called for trial, a jury impaneled, and the appellant introduced his evidence, which showed the purchase of the furniture and execution of the chattel mortgage by the appellee King, the assignment of the contract to the appellant Loftus by the W. C. Archer Furniture Company, and that there remained unpaid of the purchase price of the furniture the sum of $133.25. After the appellant had finished introducing his evidence and rested his case, the appellee's coun-

sel made an oral motion that the court withdraw the case from the jury and dismiss it from the docket, because (1) the evidence showed that the plaintiff was not entitled to recover in the form as pleaded by him; and (2) the only debt proven by plaintiff, if any proven, was a debt not due at the time of the institution of the suit, nor at the trial thereof. Whereupon the court sustained the motion, withdrew the case from the jury, and dismissed the same from the docket, adjudging all costs against the appellant.

It was proper for the appellant to set up two counts in his petition for recovery against the appellee. The first count for the reasonable value of the goods was no doubt induced by the appellee's plea of non est factum. It was not contained in the original statement filed in the Justice Court, and first appeared in the amendment filed in the County Court after the plea of non est factum had been made. It is familiar practice to plead more than one count in a petition, but recovery can only be had on one. The evidence in the case, however, went only to prove a right of recovery upon the second count. It showed the execution of the contract for the security of the purchase money of the furniture, and the failure of the appellee to pay past due installments. Appellant showed himself to be the assignee of the contract and entitled to sue thereon. The assignment introduced in evidence was sufficient to transfer the right in the mortgage and account of the furniture company, who was W. C. Archer, to the appellant. Neither he nor the furniture company had treated the sale as conditional, nor sought to forfeit the previous payments and take possession of the property. Appellant could treat the contract as a chattel mortgage, and foreclose a lien for the purchase money due and unpaid. He was not entitled, however, to maintain an action for the installments that had not matured at the time he brought his suit. But it appeared that when the suit was filed at least two full installments were past due and unpaid. It was therefore error to dismiss his suit, and for this error the judgment of the court below will be reversed and the cause will be remanded. The appellant may amend his petition, and on another trial the installments that have since accrued may be set up and judgment obtained directing the sale of the property and the application of the proceeds to the payment of all such sums as may then be due, and an equitable appropriation of any surplus there may be to such sums as may not have matured; but before the case is ready for another trial all of the installments will have probably fallen due.

*Reversed and remanded.*