NORTHERN TEXAS TRACTION CO. v.
CROUCH et al.   (No. 7926.)

(Court of Civil Appeals of Texas. Dallas.
April 6, 1918.)

1. APPEAL AND ERROR ⬤⟀1064(4)—REVIEW —HARMLESS ERROR — INSTRUCTION — "ACCIDENT."

In an action for damages for personal injuries sustained while boarding defendant's street car, reference by the court to the occasion of the injury as an "accident" was harmless error; the word assuming loss or hurt without placing the blame or cause upon any particular person or agency.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident.]

2. PARENT AND CHILD ⬤⟀7(14)—LOSS OF SERVICES—DAMAGES—INSTRUCTION.

In a father's action for personal injuries to his minor daughter while boarding a street car, an instruction as to the measure of damages failing to limit recovery for services from the day of the injury to the daughter's majority was erroneous.

3. APPEAL AND ERROR ⬤⟀1064(1)—REVIEW —HARMLESS ERROR.

In a personal injury action, where the court erroneously failed to limit a father's recovery for loss of services of his daughter to her minority, such error, the only effect of which

could have been an excessive verdict, was harmless, in the absence of complaint below that the verdict was excessive.

**4. CARRIERS  ⊜═◗328(1) — PASSENGERS — —BOARDING—ORDINARY CARE.**

It is not want of ordinary prudence for a minor to attempt to board a street car, standing at a station waiting for passengers, without the assistance of an escort, although such escort be at hand.

**5. TRIAL  ⊜═◗260(8) — INSTRUCTIONS — REQUESTS—MATTERS ALREADY GIVEN.**

In an action for personal injuries to a minor while attempting to board a street car, it was not error to refuse a charge that, if the minor "attempted to catch" the car while in motion, or while being put in motion, and an ordinarily prudent person would not have made such attempt, then to find for defendant where a similar charge had already been given.

**6. TRIAL  ⊜═◗252(10) — INSTRUCTIONS — EVIDENCE.**

In an action for personal injuries while attempting to board a street car, it was not error to refuse an instruction, reciting that the minor "attempted to catch" the car, where evidence showed that she had actually seized the handholds and put her foot on the step.

**7. DAMAGES  ⊜═◗158(4) — ISSUES — EVIDENCE.**

In an action for damages sustained by a minor while attempting to board defendant's street car, a statement by the minor in describing how her injuries affected her that she "had bells in her head" was not rendered inadmissible, although injury to the head had not been pleaded.

**8. EVIDENCE  ⊜═◗553(4)—EXPERT TESTIMONY —EXAMINATION.**

In an action for injuries sustained by a minor while attempting to board defendant's street car, a statement by a medical expert that. displacement of the womb would likely cause accelerated or irregular menstruation was reversible error, in the absence of evidence of such injury.

**9. DAMAGES  ⊜═◗158(1) — ISSUES, PROOF AND VARIANCE—INJURIES.**

Proof should correspond with the allegations of the complaint, and material injuries not alleged should not be proven.

**10. EVIDENCE  ⊜═◗127(4) — ADMISSIBILITY — DECLARATION OF PERSON INJURED.**

In a personal injury action, expression of the person`injured concerning bodily pain or illness, when shown to have followed the injury, are competent.

Error from Dallas County Court; T. A. Work, Judge.

Action by C. A. Crouch and others against the Northern Texas Traction Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

J. W. Timmins and Thompson, Knight, Baker & Harris, all of Dallas, for plaintiff in error. McCutcheon & Church, of Dallas, for defendants in error.

RASBURY, J. Defendant in error, for himself and as next friend of his minor daughter, Jewell, sued plaintiff in error for damages for personal injuries alleged to have been negligently inflicted upon the minor, the precise negligence alleged being that the minor, for the purpose of boarding plaintiff in error's car, had placed her left foot upon one of plaintiff in error's car steps, and had seized the car lifts or handholds when plaintiff in error's servant negligently started the car with a sudden jerk and lurch, breaking her grasp upon the handholds, precipitating the minor against the side of the car, and seriously injuring her, and whereupon plaintiff in error's conductor seized said minor by the arm and pulled her up and onto the platform of said car, further seriously injuring her. Plaintiff in error pleaded, on the merits, the general denial and contributory negligence. All issues presented in the briefs are matters of law based on undisputed fact matters, and hence a statement of the facts adduced by the parties is unnecessary, save to say that the evidence adduced by defendants in error sustained the allegations of their petition and the verdict of the jury. There was trial by jury, to whom the case was submitted generally. Verdict was for the minor for $400 and for her father for $100, followed by similar judgment.

[1] The first assignment of error complains of the court's charge. In submitting the case to the jury the court termed the occasion whereat the minor claimed she was injured an "accident." The contention was made below and. is renewed here that the use of the word "accident" was an assumption by the court that an accident in fact resulted at the time alleged, while that fact was in controversy. It is argued that, while accident is, defined as an unfortunate event occurring casually, an undesigned harm or injury, a .casualty or mishap, the testimony of plaintiff in error's witnesses discloses neither mishap, casualty, nor injury to the minor. Witnesses for plaintiff in error did so testify. The word "accident" has been often defined in a legal sense from varying points of use and relation. 1 Corpus Juris, 390. The authority cited at page 394, § 6, declares:

"Speaking generally, but with reference to legal liabilities, an accident means any unintended and unexpected occurrence which produces hurt or loss. But it is often used to denote any unintended or unexpected loss or hurt apart from its cause, and if the cause is not known, the loss or hurt itself would certainly be called an· accident."

Thus it appears that in legal contemplation the use of the word may fairly be said to assume loss or hurt without placing the blame or· cause upon any particular person or agency. As a consequence, assuming that the jury understood the legal significance of the word, it resulted that the court told the jury that there was an accident at which defendant in error· was hurt, which was to assume a controverted fact, and from which it results that the use of the word was erroneous, technically at least. Regarded from the context of the · charge, we are inclined to believe that the jury was not misled by the court's use of the word, but that they regarded the term as having descriptive significance only, or as designating the occurrence whereat defendant in error claimed to have been injured,

---

and that in the nature of things the jury never considered the technical legal meaning of the word, and that for such reason the use of the word was not such an error of law as was calculated to, and probably did, cause the rendition of an improper judgment, and we do not feel warranted on that ground alone in reversing the judgment.

[2, 3] It is also urged that the court erred in defining the measure of damages controlling recovery by the minor's father. It was alleged by the father that due to the minor's injuries she had, ever since such injury, been unable to labor and render him the service she usually did, and would be unable so to do until her majority, with prayer for the value of such services, which were fully set out and particularized. Evidence to sustain the allegation was introduced. The court instructed the jury that if they found for defendant in error, C. A. Crouch, on that issue he would be entitled to recover "the value of the services of his daughter during the time she was unable to perform her usual duties, * * * taking into consideration the expense C. A. Crouch would have probably incurred on Jewell Crouch while she was unable to work." The contention is that the charge is erroneous in failing to limit the recovery from the date of the injury to the minor's majority. The criticism is warranted. The damages recoverable by parents for personal injuries inflicted upon their minor children is such sum as will compensate the parent for any loss of the services of the minor caused by such injury during the ·minority of the child, together with all necessary expense incurred in effecting a recovery from the injury for physicians, nurses, medicine, etc. However, such error in the charge will not authorize a. reversal of the case, since the only effect the charge could have had would have been to cause an excessive verdict. It could have had no bearing on the issue of liability. Railway v. Boozer, 70 Tex. 530, 8 S. W. 1119, 8 Am. St. Rep. 615. There being no complaint in the court below that the verdict was excessive, the assignment will be overruled.

[4] The minor was escorted to the car upon which she claims she was injured by her brother, but upon reaching the car in advance of him she attempted to embark without awaiting his assistance. Plaintiff in error by special charge requested the court to submit to the jury whether an ordinarily prudent person under such circumstances would have awaited the assistance of such escort before attempting to embark upon the car. The charge was refused, and the court's action in that respect is assigned as error. It is not a failure to exercise ordinary prudence for a· person to attempt to board a car at station under the circumstances disclosed by the record in the instant case, without the assistance of an escort. The exercise of ordinary care for one's safety. in such cases, we are persuaded, does not require the assistance of an escort.

[5, 6] Complaint is made of the court's refusal to allow special charge which, in effect, told the jury that if the minor "attempted to catch" the car while ʼin motion, or while it was being put in motion, and that an ordinarily prudent person under same or similar circumstances would not have attempted so to do, to find for plaintiff in error. A charge substantially similar to the foregoing, save that in lieu of the expression "attempted to catch" the court used the expression "took hold of the car," was given. One charge presenting the issue was all that plaintiff in error was entitled to. Further, the evidence did not raise the issue that the minor "attempted to catch" the car. The witnesses on both sides testified that she actually seized the handholds and put her foot upon the step.

[7] The minor, while on the witness stand, testified to the character and extent of the injuries she received while attempting to board the car, and that as a result she was thereafter confined to her bed for three weeks, unable to work. Describing, upon request, how the injuries affected her, she said that she suffered "pain in her left shoulder and back, hurt all over, from her shoulder down, and had bells in her head sometimes." Counsel for plaintiff in error objected to the witness stating that she had bells in her head, because injury to her head had not been pleaded and proven, and moved the court to exclude such statement from consideration of the jury, which the court refused to do, and which action is assigned as error. Conceding the premises of the contention, we do not understand the statement of the witness was for the purpose of proving injury to the head. She was detailing the pain and other unpleasant sensations that resulted from the injuries she claimed to have received. In short, the effect produced. For the purpose of having the · jury pass upon the physical pain resulting from the injury the witness was entitled to recite whatever pain or unpleasant sensation she was subjected to as a result of her injury, and the statement was admissible for that purpose.

[8] Dr. H. V. Copeland, witness for defendants in error, while on the stand, was asked as an expert in substance whether, in his opinion, any unusual strain upon or twist or displacement of the womb or other organs of the female would likely cause irregular or accelerated menstruation. Objection to the question was made on the ground that the facts comprehended in the question found no basis in the ·evidence. The objection was overruled, and the ·witness answered, in effect, that such condition would result. Complaint is here renewed in reference to the admission of the testimony. The testimony was, in our opinion, inadmissible and constitutes reversible error. The minor testified

to irregular or accelerated menstruation, but there is in the record no testimony whatever that the womb was displaced, or that the minor received such unusual strain at the time of her injuries as was calculated to produce such result. While Dr. Copeland testified that he prescribed for the minor for irregular menstruation, he did not testify to any independent knowledge of the fact that the womb was displaced, and necessarily his conclusion was based upon an assumption not deducible from any fact in evidence. Obviously, such a condition, if it existed, would be in the nature of things of controlling influence upon the jury. There being in the evidence then no hypothesis for the question submitted to Dr. Copeland, it was clearly erroneous to permit him to answer the question over objections of plaintiff in error. The rule, requiring hypothetical questions to find support, either in the evidence of the expert witnesses or others, is so elementary as to require no citation of authority.

[9] Complaint is made concerning the admission of testimony relating to the character and extent of the minor's injuries on the ground that it was not warranted by the pleading. In view of another trial it is only proper to say that the proof should correspond with the allegations, and that as a consequence material injuries not alleged should not be proven, if that was the effect of the testimony admitted.

[10] Complaint is also made concerning the admission in evidence of declarations of the minor relating to the pain she suffered as a result of the injuries received. In such connection it is enough to say the expressions of persons concerning bodily pain or illness, when shown to have followed the injury, are competent, as being originally the natural consequence and outward indication of coexisting suffering, and may be shown by any witness otherwise qualified.

Because of the admission of the testimony of Dr. Copeland the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.

---

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes