### SCHAFF v. SANDERS. (No. 6683.)*

(Court of Civil Appeals of Texas. Austin. Nov. 21, 1923. Rehearing Denied Jan. 2, 1924.)

**1. Appeal and error ⚖➡1042(4) — Refusal to strike certain terms from petition held harmless.**

In action against a railroad for injuries to passenger's eye from cinder or spark from locomotive, court's refusal to strike out terms "a first-class coach" and "first-class manner," in plaintiff's allegation that the railroad failed to transport passengers in a "first-class manner" while he was a passenger in a "first-class coach," *held* harmless under Courts of Civil Appeals rule No. 62a, and where no proof was offered in support of such allegation and the matters alleged were not considered in the court's charge, since it will not be presumed, from the mere fact that the jurors read such allegation, that they concluded that the railroad was an insurer of the passenger's safety.

**2. Carriers ⚖➡314(2) —Terms "first-class coach" and "first-class manner" in allegation as to carrier's duty held subject to exception.**

In action against railroad for injury to passenger's eye from spark or cinder from lo-comotive, the terms "first-class coach" and "first-class manner," in allegations of petition that the railroad failed to transport the passenger in a "first-class manner" while he was a ·passenger on a "first-class coach," *held* subject to exception, such terms being improper in pleading railroad's duty to use the highest degree of care and foresight to safely transport the passenger.

**3. Appeal and error ⚖➡1032(1)—Appellant required to show that error affected a verdict.**

Under Courts of Civil Appeals rule No. 62a, prohibiting Courts of Civil Appeals from reversing cases where the error complained of is harmless, the appellant, complaining of action of court in overruling exception to certain terms in petition, was required to show that such terms probably affected the verdict.

**4. Carriers ⚖➡315(1)—Evidence as to spark injuring passenger escaping from engine other than one hauling him held admissible under pleading.**

Under an allegation in action against railroad that injuries to passenger's eye were caused by a cinder or spark from spark arrester on engine used by railroad, evidence as to spark escaping from other engines than that hauling plaintiff, operated at the time and in the immediate vicinity where the injury occurred, was admissible.

**5. Pleading ⚖➡1—Purpose of pleadings stated.**

The purpose of pleadings is to apprise the adverse party, before the trial is commenced, of the action or grounds of defense, in order that each may prepare his trial with evidence to meet the issues raised.

**6. Pleading ⚖➡53(1)—Plaintiff may plead as many counts as he thinks proper.**

The plaintiff may plead as many several counts as he may think proper.

**7. Judgment ⚖➡18(4)—Judgment not reversed for insufficiency of petition, if there is evidence to support good count.**

If some of the counts are bad and some are good, or, combined, state a cause of action, and ·the evidence supports a good count or cause of action pleaded, the judgment will not be disturbed, under Rev. St. 1911, art. 1996.

**8. Appeal and error ⚖➡1050(1)—Physician's testimony that he had advised injured passenger to consult the law, held harmless.**

In an action against a railroad for injuries to passenger's eye from spark or cinder from locomotive, in which railroad's counsel, by cross-examination of the passenger, indicated the belief that the passenger's case was "cooked up" and fictitious, the admission of a physician's testimony that he had advised the passenger to consult the law, if error, was harmless.

**9. Infants ⚖➡72(2)—Allowance of damages to minor for diminished earning capacity and loss of time held not error.**

In action by father, as next friend of son, for injuries to son, in which the petition ·sought damages for diminished earning capacity and loss of time during minority, and the defendant did not except to the son's capacity to re-

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 20, 1924.

cover nor file plea in abatement suggesting a nonjoinder of parties nor object to introduction of evidence of the emancipation of the son before injuries, but merely filed a general demurrer to the petition, the action of the court in permitting the father to file a disclaimer of any interest in the damages, by reason of the son's diminished earning capacity and loss of time during minority, and in permitting the son to recover for diminished earning capacity and loss of time during minority, *held* not error.

**10. Appeal and error ⬤⟿930(3)—Rule stated as to presumption as to finding by court on particular fact not submitted to jury on special issues.**

In action submitted to jury on special issues, it will be presumed, in absence of a request for submission of issue as to certain fact, that the trial court found thereon in favor of the judgment under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985.

**11. Appeal and error ⬤⟿1140(1)—Court of Civil Appeals cannot reverse judgment because wrongful items of damages included.**

Under Rev. St. 1911, art. 1631, the Court of Civil Appeals cannot reverse judgment because wrongful items of damages were included therein, but can merely require the appellee to file a remittitur.

**12. Appeal and error ⬤⟿1140(2)—Court of Civil Appeals not authorized to require remittitur in absence of objection to excessiveness of verdict.**

Under Rev. St. 1911, art. 1631, Court of Civil Appeals is not authorized to require the appellee to file a remittitur, where appellant does not object to the excessiveness of the verdict.

**13. Carriers ⬤⟿320(24)—Whether passenger's eye was injured by hot cinder held for jury.**

In an action for injury to passenger's eye from cinder from locomotive, evidence *held* to warrant submission to jury of question whether the passenger was struck in the eye by a hot cinder.

**14. Trial ⬤⟿350(6)—Submission of whether passenger was struck in eye by hot cinder held warranted by pleading.**

In action against a railroad for injuries to passenger's eye, allegation that "a spark of fire or hot cinder" escaped from railroad's engines and struck the passenger in the eye, causing the injury complained of, *held* to warrant submission to jury of question of whether the passenger was struck in the eye by a hot cinder.

**15. Trial ⬤⟿350(6)—Submission of whether spark which injured passenger's eye escaped from one of railroad's engines, held authorized by pleadings.**

In action against railroad for injuries to passenger's eye from spark or cinder, in which it was alleged in some of the counts that the engines of the railroad were being operated near the passenger at the time of the injury, with insufficient spark arresters, instruction submitting question whether the passenger was injured by a cinder which had escaped from one of the railroad's engines *held* proper.

**16. Carriers ⬤⟿316(1)—Doctrine of res ipsa loquitur held applicable in action for injury to passenger's eye from spark or cinder.**

In an action against a railroad for injury to passenger's eye from spark or cinder from locomotive, evidence that, in locality where the injury occurred, engines belonging to the railroad were moving about and puffing, that sparks and cinders were flying and coming in through window by which passenger was sitting, and that passenger had not particularly noticed any spark or cinder until he had reached such point, *held* to warrant inference of negligence, in absence of evidence on part of railroad that it had exercised the proper degree of care, the doctrine of res ipsa loquitur being applicable.

**17. Carriers ⬤⟿316(1)—Allegations of specific acts of negligence held not to preclude application of doctrine of res ipsa loquitur.**

In an action against a railroad for injury to passenger's eye from spark or cinder from locomotive, in which plaintiff in three counts pleaded negligence generally, and in a separate count pleaded specific acts and omissions of negligence, the allegation of the specific acts of negligence would not preclude plaintiff from invoking the doctrine of res ipsa loquitur in aid of proof under the other counts.

**18. Pleading ⬤⟿373—Proof of one count stating a good cause of action entitles plaintiff to recovery.**

Where one of several counts alleges a cause of action and is substantiated by proof, the plaintiff is entitled to recover, though none of the other counts were proved.

**19. New trial ⬤⟿102(3), 104(1)—Denial of new trial, on ground of newly discovered cumulative evidence, held proper on showing made.**

Denial of new trial, on ground of newly discovered evidence, *held* proper, where the newly discovered evidence was cumulative and the affidavit of diligence merely alleged the use of diligence, without the statement of facts showing diligence.

On Motion for Rehearing.

**20. Appeal and error ⬤⟿1050(1)—Admission of evidence held harmless, in view of other testimony admitted without objection.**

Admission of evidence *held* not reversible error, in view of the testimony of other witnesses without objection to the same matter.

**21. Estoppel ⬤⟿68(2)—Father suing to recover damages on behalf of minor son held estopped to recover such damages for himself.**

A father who filed suit, as next friend of minor son, in which he sought to recover, for minor son, damages for loss of time and diminished earning capacity during minority, is estopped to seek such damages thereafter for himself.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Action by Newton Sanders, as next friend of Charles Sanders, a minor, against C. E. Schaff, receiver of the Missouri, Kansas &

Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

M. O. Flowers, of Lockhart, and Page & Jones, of Bastrop, for appellant.

E. B. Coopwood and C. F. Richards, both of Lockhart, and Leon Green, of Austin, for appellee.

BLAIR, J. Appellee, Charles Sanders, a minor, by his father, Newton Sanders, as next friend, sued C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company of Texas, for damages for the loss of the sight of Charles Sanders' right eye, which was alleged to have been occasioned by a spark or cinder from one of appellant's engines striking him in the eye, while a passenger upon one of appellant's trains.

Appellee pleaded his cause of action in several distinct counts or separate groups of facts upon which he relied for recovery. We set forth the following four main paragraphs of appellee's petition in hæc verba, as they constitute the main matters of attack by appellant upon the judgment rendered:

"Paragraph 2, plaintiff's second amended original petition: That on the 9th day of November, A. D. 1920, and long prior thereto, and ever since said time, said defendants have owned, operated and controlled said line of railway, and were at said time, and are now, engaged in the transportation of passengers over the same for hire; and that on said date the plaintiff, Charles Sanders, at Fort Worth, Texas, purchased from the defendant a ticket for transportation from Fort Worth, Texas, to Smithville, and thence to Lockhart, Texas, for which said ticket the said Charles Sanders paid the defendant in cash the consideration charged therefor, and which said ticket of transportation entitled the said Charles Sanders to transportation over the defendant's line of railway from Fort Worth, Texas, to Smithville, and thence to Lockhart, Texas, in and on one of the defendant's first-class coaches; and that on said 9th day of November, 1920, at Fort Worth the said Charles Sanders entered one of the coaches of the defendant's train, attached to and a part of one of its regular trains, as he had a right to do by reason of having procured said ticket of transportation, for transportation from said Fort Worth to Smithville, and thence to Lockhart, Texas, over defendant's line of railway; that while the said Charles Sanders was in said coach on said train, as a passenger thereon, the said Charles Sanders was struck in the right eye by a hot cinder, which had escaped from defendant's engine, injuring and totally destroying the sight of plaintiff's said right eye.

"Paragraph 3, plaintiff's second amended original petition: That the defendant owed the duty to the said plaintiff, as a passenger upon its said line of railway, to use a high degree of care in the selection of adequate and sufficient, modern and most approved spark arresters to be used upon its said engines drawing its said trains, in order to prevent the escape of sparks of fire from said engines, and to exercise a high degree of care to keep the same in repair and in a good and safe condition to prevent the escape of hot cinders and sparks of fire; that if the defendant, its servants, agents, and employés had exercised that high degree of care which it was its duty to do, and which the law required it to do, in the selection of adequate and good, tested and most approved spark arresters to be used on said engines, and the same had been so equipped, and the defendant had exercised that high degree of care in keeping the same in good condition of repair, as it was its duty to do and as the law required it to do, hot cinders and sparks of fire could not, and would not, have escaped, if same had been properly managed and operated by defendant's said servants, agents, and employés; that same was so defectively built and improperly constructed and out of repair, and so carelessly and negligently and unskillfully managed, operated and controlled by the defendant's servants, agents and employés, as to permit unusually large sparks of fire and hot cinders to escape therefrom, and which did escape therefrom, one of which struck the plaintiff in his said right eye, as above alleged, and totally destroyed the sight of same, which said loss and injury was due directly and proximately to defendant's acts of negligence.

"Paragraph 4, plaintiff's second amended original petition: Plaintiff would further show the court that defendant failed to transport him safely and in a first-class manner, as it was its duty to do and as the law required, and failed to have the train upon which plaintiff was a passenger run, managed and controlled in a safe, proper and careful manner, but negligently placed unskillful, careless, and reckless persons and employés in charge of the same, and did negligently run, manage, and control and operate the same in this: That in checking the speed of said train and in starting the engine drawing the same and in taking speed, the employés in charge of the same would carelessly, negligently, and suddenly apply too much steam, or cause too much force to be applied to the brakes used thereon, which would cause said engine to jump and jerk and suddenly stop and halt, doing so with great force, thereby causing an excessive amount of steam and force and pressure through the smoke pipe of its said engine, causing the emission of larger sparks of fire and hot cinders than would have been emitted therefrom had said employés exercised that high degree of care required of them in the running, managing, controlling, and operating the same. That the hot cinder or spark of fire that struck the said Charles Sanders in his said right eye, and caused the injury herein complained of, as before alleged, was forced through one of the spark arresters on defendant's engine in said manner above alleged, all of which was negligence on the part of the defendant, for which it is liable, and which said negligence was the direct and the proximate cause of the loss of plaintiff's said right eye and the sight of the same.

"Paragraph 9, plaintiff's second amended original petition: That said injuries herein complained of were caused and produced by the carelessness and negligence of the defendant, its agents, servants and employés, in fail-

ing and neglecting to use that high degree of care which it was its duty to do and which the law requires it to do, in the selection of spark arresters to be used upon its said engines operating upon its line of railway, and in carelessly and negligently failing and neglecting to use that high degree of care which it was its duty to do and which the law requires it to do, in the selection of the most approved, modern, tested and approved spark arresters to be used thereon to prevent the escape of hot cinders and sparks of fire, and in negligently and carelessly failing to use a high degree of care to keep the same in a good and safe condition of repair to prevent the escape of hot cinders and sparks of fire, which it was its duty to do and which the law required it to do, and by the carelessness and negligence of the defendant, its servants, agents and employés in the operation, control and management of the same while operating upon its said line of railway, and while the plaintiff was a passenger on the defendant's said line of railway, all of which acts of negligence on the part of the defendant, its servants, agents and employés was the direct and proximate cause of the injury herein complained of on the part of this plaintiff."

Appellant answered by a general demurrer, several special exceptions, a general denial, and a plea of contributory negligence on the part of appellee.

### Findings of Fact.

Judgment was rendered for appellee for the sum of $5,000, based upon the following special issues submitted to the jury and their answers thereto:

"Question No. 1: Was the plaintiff injured, as alleged by him in his petition, by being struck in the eye by a hot cinder, which had escaped from one of defendant's engines? You will answer this question 'Yes' or 'No.' " Answer: "Yes."

"Question No. 2: If you have answered the above question 'Yes,' then you will answer the following questions: Did the defendant use such a high degree of care and prudence in the selection of spark arresters, to be used upon its engines to prevent the escape of sparks therefrom, as would be used by a very cautious, prudent and competent person, under the same or similar circumstances? You will answer this question 'Yes' or 'No.' " Answer: "No."

"Question No. 3: Did the defendants use such a high degree of care and prudence in keeping its spark arresters in repair to prevent the escape of sparks and cinders, as a very cautious, prudent and competent person would have used under the same or similar circumstances? You will answer this question 'Yes,' or 'No.' " Answer: "No."

"Question No. 4: If you answer the foregoing questions in the affirmative, then you will answer this question: Was the act of the defendant the direct and proximate cause of the injuries to plaintiff, if any? You will answer this question 'Yes' or 'No.' " Answer: "Yes."

"Question No. 5: What sum of money, if paid now in cash, will compensate the plaintiff for the physical pain and suffering, if any, he has suffered as a result of his injuries, if any, up to this time; and the loss of time, if

257 S.W.—43

any, up to the present time, and for his diminished capacity to earn money in the future, if any? You will state the amount." Answer: "$5,000.00."

The testimony showed that while appellee was a passenger on one of appellant's trains, sitting on the right-hand side of the coach, by an open window, a cinder or spark came in the window and struck him in the right eye, which caused the loss of the sight thereof. The injury occurred at 5 o'clock a. m. on the 9th day of November, 1920, as the train on which appellee was riding approached the depot at Smithville, Tex., some 200 yards away. At the time of the injury the coach on which appellee was riding was being pulled towards the station by an engine then in operation. At this point and about three tracks away, on the right-hand side, there was being operated, at the time of the injury to appellee, a switch engine, which was described as "moving about," "switching about," and "puffing." There was also a freight standing on a nearby track in the immediate vicinity where the injury occurred, but the engine was not in operation. Cinders and sparks were seen falling in the immediate vicinity where the engines were being operated and where appellee was sitting as a passenger upon appellant's train. Cinders and sparks were seen to come into the window where appellee was sitting, and one struck him in the eye, with the result before stated. For some few months next preceding the injury to appellee, he was earning the average wage of $60 per month; since the loss of his right eye and the weakened condition of the sight of his left eye, caused by the injury received by the cinder or spark striking him in the right eye, he has been able to earn very little, if anything, because of his inability to see sufficiently to engage in any labor.

Appellee was a minor at the time of the injury and at the time of the filing of suit and trial thereof. The father, Newton Sanders, was the sole surviving parent, and had emancipated appellee before the injury occurred.

Appellant, by due and proper procedure, has perfected an appeal from the judgment rendered, and seeks a reversal thereof upon 11 propositions of law, based upon 29 assignments of error.

### Opinion.

[1-3] By his first proposition, appellant complains that the trial court erred in overruling his special exceptions B and C to appellee's petition, which were directed at the use of the terms "a first-class coach," and a "first-class manner," because such could not be properly introduced in evidence, and their presence in a petition was unwarranted, and should have been expurgated. The exceptions are addressed to the allegations con-

tained in paragraph 4 above set forth. By this paragraph appellee sought to fix liability for his injury upon appellant by pleading separately and distinctly from the other counts in the petition, specific facts, or a group of facts, constituting one of appellee's counts for recovery. No proof was offered in support of such allegation; neither did the court take into consideration in his charge the matters alleged. The only possible injury that such allegations could have been to appellant was for the jury to have read them and concluded that appellant was an insurer of the safety of appellee while being transported by him as a passenger. There is nothing in the record to indicate that the jury did so consider the allegations complained of. We are not called upon to presume, in the absence of any fact indicating that they did so consider the allegations against appellant, that the jury went out of their way to look up and consider such allegations. We are of the opinion that the court should have sustained the exception as to the use of the terms complained of, as they are not relative terms to the proper allegation that appellant was required to use the highest degree of care and foresight to safely transport appellee; but it does not follow that such error will authorize a reversal of this case. Rule 62a for the Courts of Civil Appeals prohibits this court from reversing cases where the error complained of is harmless. Under the provisions of this rule appellant was required to show that such terms probably affected the verdict of the jury. Rule 62a Courts of Civil Appeals; Fuller v. Live Stock Commission (Tex. Civ. App.) 174 S. W. 930; Western Union Tel. Co. v. Morrow (Tex. Civ. App.) 208 S. W. 692; T. & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 169 S. W. 201; Wells-Fargo Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 120. The authorities cited by appellant applicable to this point were decided prior to the promulgation of rule 62a, supra, and they are as follows: Simpson v. Thompson, 43 Tex. Civ. App. 273, 95 S. W. 94; and Riensch v. Naylon, 51 Tex. Civ. App. 45, 110 S. W. 781.

[4-7] Appellant by his second proposition complains of the action of the trial court in admitting, over his objection, evidence of the presence of other engines than the one pulling the train on which appellee was riding, because it is contended that appellee alleged in his pleadings that the cinder or spark which injured him escaped from the engine drawing the coach on which he was a passenger; and that he was precluded thereby from asserting that the spark came from another or different engine. This proposition is not well made, since it is clearly shown by the portions of appellee's petition above set forth that the negligence of appellant which caused appellee's injury was pleaded in several distinct counts, two of which counts having

alleged that appellee's injuries were caused by a cinder or spark escaping from the spark arresters on engines used by appellant; appellee, in support thereof, was entitled to introduce evidence of other engines being operated at the time and in the immediate vicinity where the injury occurred. The purpose of pleadings is to apprise the adverse party, before the trial is commenced, of the action or grounds of defense, in order that each may prepare for trial with evidence to meet the issues raised. Not only is the plaintiff authorized by statute to plead as many several counts as he may think proper, but such practice is commended by all the appellate courts. If some of the counts are bad and some good, and the evidence supports the good counts, the judgment will not be disturbed, provided the count in itself alleges a cause of action, or, if combined with other good counts, a cause of action is alleged. Art. 1996, R. S. 1911; Floyd v. Patterson, 72 Tex. 202, 10 S. W. 526, 13 Am. St. Rep. 787; Compton v. Ashley (Tex. Civ. App.) 28 S. W. 223; Loftus v. King, 23 Tex. Civ. App. 36, 56 S. W. 109; St. L. S. W. Ry. Co. v. Langston (Tex. Civ. App.) 125 S. W. 334; Dayton Folding Box Co. v. Danciger, 161 Mo. App. 640, 143 S. W. 855; rule 4 for District and County Courts; Townes' Texas Pleading (2d Ed.) pp. 425 and 477–479; Ruling Case Law, pp. 470, 471.

[8] Appellant's third proposition, in which he complains of the action of the trial court in permitting Dr. O'Bannion to testify that "I advised the boy to consult a lawyer," is not sustained. Appellant contends that in permitting such testimony to go to the jury it conveyed the impression that it was the witness' judgment that appellee's injuries were caused by the negligence of appellant, and that a claim should be made, or a suit filed, for the recovery of damages. The testimony of Dr. O'Bannion was in substance that he was a practicing physician, in charge of or interested in a hospital at Lockhart, Tex., and that he had known appellee, a negro boy, all his life, and that some time about June 14th after the injury occurred in November of the preceding year, the appellee was visiting a sick relative at Dr. O'Bannion's hospital, and he saw there was something radically wrong with appellee's eyes. He did not treat appellee's eyes, but told him to go to Dr. Morgan, who was the eye specialist for the hospital, and that if he was not able to pay for the medicine to have same charged to him (Dr. O'Bannion); that he advised the boy to consult a lawyer. This evidence was admitted after appellee had testified in his own behalf, and after appellant's counsel had, by their cross-examination, indicated that it was the belief of appellant that appellee's case was "cooked up" and fictitious. No facts were testified to by the witness indicating that he knew any-

thing of how the injury occurred, but his advice was to the extent that appellee should consult both an eye specialist and a lawyer. Although in some cases such testimony might be subject to the objection raised, however, in the instant case, appellant's counsel had by intimation and in their cross-examination of appellee brought out the fact that it was appellant's belief that the suit was not brought in good faith, and to counteract the same appellee sought to introduce the testimony complained of, and its admission under such circumstances, if error, was harmless and will not authorize a reversal of the case.

[9, 10] By his fourth and ninth propositions, appellant complains that the court erred in permitting Newton Sanders, father of appellee, to file a disclaimer of any interest in the damages to appellee by reason of the injury to his eyes, after objection had been made to the court's charge which authorized the jury to find for appellee for diminished earning capacity and loss of time during minority; and, further, that such items of damages were wrongfully included as a part of appellant's measure of damages under the pleading and in the capacity in which the suit was brought, because it is contended that only the father, Newton Sanders (who was not a party to the suit except as next friend to appellee) was entitled to recover such items of damages. Appellee sought a recovery of these items of damages in his pleadings by his father as next friend. Appellant did not specifically except to appellee's capacity to recover these items; nor did he file a plea in abatement suggesting a nonjoinder of parties; nor did he object in any manner to the introduction in evidence of the emancipation of appellee by his father before the injury occurred. Incapacity of parties to maintain a suit, or of nonjoinder of parties thereto, must be taken advantage of in a timely and proper manner. No doubt appellee would have promptly amended his petition so as to allege emancipation had appellant specifically excepted thereto because of appellee's incapacity to recover the items of damages complained of, or had appellant filed a plea of nonjoinder of parties. Likewise, no doubt, appellee would have filed a trial amendment, setting up emancipation, had appellant objected to the introduction of testimony of emancipation, for the reason that such had not been pleaded. Appellant's general demurrer, which was decided adversely to him, is of no avail on this point, since by a failure to object to the testimony of emancipation, because such was not pleaded, it was waived. Therefore, appellee's claim for these items of damages having in no way been objected to, except by an objection to the court's charge authorizing a recovery of the same, it became a matter of proof whether or not appellee should recover them, and having shown emancipation before the injury such items of damages could be recovered by appellee in his own right, through his next friend. In other words, we are of the opinion that appellee having pleaded for a recovery as a part of his damages for the loss of his eye, for his diminished earning capacity, and for loss of time during minority, and having proved conclusively without objection that his sole surviving parent had emancipated him long prior to the date of the injury, he was entitled to recover such items of damages in his own right through his next friend, in absence of a special attack upon him to maintain the suit for such items in the capacity in which it was brought, and in absence of a plea of nonjoinder of parties plaintiff. Had Newton Sanders been a party to the suit, under the proof in the case, he could not have recovered these items of damages, and it therefore becomes wholly immaterial, and no error can be predicated upon the fact that he was permitted to file a disclaimer of any interest in the damages occasioned by the injury to his minor son. Under the record of this case as presented emancipation became a matter of proof, and the case having been submitted upon special issues, and no request having been made to have the question of emancipation submitted to the jury, it will be presumed, under the provisions of article 1985, Vernon's Sayles' Statutes 1914, that the trial court found thereon in favor of the judgment rendered.

[11, 12] However, aside from the question of error complained of by these two propositions, if error was committed, this court would not be authorized to reverse the case because wrongful items of damages were included in the judgment, for at most we could only require appellee to file a remittitur, and, appellant having failed to object to the excessiveness of the verdict, we are not authorized to require such remittitur in the instant case. Article 1631, R. S. 1911; Railway v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615; T. & N. O. Ry. v. Syfan, 91 Tex. 562, 44 S. W. 1064; Hale v. McKenzie (Tex. Civ. App.) 198 S. W. 1004; Gulf Cooperage Co. v. Abernathy, 54 Tex. Civ. App. 137, 116 S. W. 869; Northern Tex. Traction Co. v. Crouch (Tex. Civ. App.) 202 S. W. 781; Dallas Power & Light Co. v. Edwards (Tex. Civ. App.) 216 S. W. 910; Southern Traction Co. v. Dillon (Tex. Civ. App.) 199 S. W. 698–700.

[13, 14] Appellant's fifth proposition complaining that the court erred in submitting to the jury the question of whether or not appellee was struck in the eye by a hot cinder is not sustained. Appellant contends that there was no proof that the cinder was hot, and reasons that a hot cinder might do more damage ordinarily than a cold one would do. In the instant case this reasoning is without merit, for whether hot or

cold the cinder had sufficient damaging power to totally destroy the eyesight of appellee. We are also of the opinion that both the pleadings and the proof support the issue. It was alleged that "a spark of fire or hot cinder" escaped from appellant's engines and struck appellee in the eye, causing the injury complained of. The proof on this issue is as follows:

"Before the cinder or spark got into my eye at Smithville, I had never been bothered. * * * After I got the cinder or spark in my right eye at Smithville, it was about a week later that the left eye began to get weak.

"I sat there with my arm in the window and my head on my hand—like this. And there was a flying cinder hit me. I was sitting there and had my eyes open when the cinder flew in. There were sparks flying, but I don't know about a lot; I don't know when they began flying; I had not paid them much attention. I do not say there were lots flying in; there were some flying in."

As will be seen, the terms "hot cinder" and "flying sparks" were used interchangeably in both the pleadings and the evidence. Besides this the charge did not intimate or in any way indicate that the court thought a hot cinder struck appellee in the eye, but the jury were simply asked to find if it was a fact.

[15] Appellant's sixth proposition, which contends that appellee having alleged that the spark or cinder which struck him in the eye escaped from the one engine pulling the car on which he was a passenger, that it was error for the court to instruct the jury to find whether or not appellee was injured by a cinder which had escaped from one of its engines, is not sustained. Appellee alleged his cause of action in several separate and distinct counts, and in some of said counts he alleged that the engines of appellant were being operated near him at the time of the injury with insufficient spark arresters, etc., and the proof showed that such engines were being operated near appellee, and it was not error to so charge the jury.

Appellant's seventh, eighth, and tenth propositions complain that the court erred in submitting special issues Nos. 1, 2, and 4, hereinbefore stated to the jury. The proof of each issue required the aid of the doctrine res ipsa loquitur, and the questions raised by these propositions will, therefore, be considered together as nearly as possible, since the authorities sustaining this opinion are applicable to each alike.

[16] The seventh and eighth propositions assert that special issues 2 and 4, heretofore set forth, should not have been submitted to the jury, because unsupported by the pleadings and the evidence. Neither of these propositions is sustained. Appellee alleged his cause of action by four separate and distinct counts or groups of facts, heretofore set forth in hæc verba, and proof of any one of said counts would entitle appellee to damages for the injuries alleged to have been sustained. Three of these counts alleged, in general terms, that appellant was negligent in selecting sufficient spark arresters with which to equip his engines, and to keep them in repair; also negligent in the operation of his engines so that sparks or cinders escaped. Appellee proved that while he was a passenger upon one of appellant's trains, as he approached the station at Smithville, and while he was sitting by an open window at said place, there was being operated by appellant, besides the engine pulling the train on which appellee was riding, a switch engine to the right and a short distance from where appellee was sitting, and he received the injury complained of by a cinder or spark flying in the window and striking him in the eye. At this particular place where the injury occurred and where the engines were moving about and puffing, sparks or cinders were seen flying, and some of them were coming in the window by which appellee was sitting; that he had not particularly noticed any cinders or sparks on his trip from Fort Worth, Tex., to Smithville, Tex., until he reached the point where the injury occurred. This evidence furnished proof of such circumstances as would reasonably support the inference that the cinder or spark which struck appellee in the eye came from one of the engines being operated by appellant, and he having offered no proof of any character rebutting such inference, or that he exercised that degree of care imposed by law upon him as to the selection and keeping in repair sufficient spark arresters, or that his employés were not negligent in the operation of the engines so as to cause sparks or cinders to be unnecessarily emitted, and as to these matters which are peculiarly within the knowledge of appellant, the doctrine of res ipsa loquitur (which is defined as "a shorthand method of saying that the circumstances attendant upon an occurrence are of such a character as to speak for themselves in inferring the negligence and the cause of the disaster") applies, and it was not error for the court to submit the special issues complained of to the jury.

[17, 18] The tenth proposition asserts that appellee waived his right to invoke the doctrine of res ipsa loquitur, and to have special issue No. 1, above set forth, submitted to the jury, because he pleaded in detail and by specific allegations the particular acts and omissions alleged by him to constitute appellant's negligence. By this contention appellant seeks to avail himself of the rule of law which holds that where a partition contains general allegations of negligence and further avers specific matters of fact as to the manner in which the mishap occurred, the specific averments are preferred

and take precedence over the general allegations as to subject-matter and must be proved. This is the correct rule where the general allegations and the special averments are in the same count, but such rule does not apply to a petition where the general allegations of negligence relied upon are pleaded in a separate and distinct count from the count containing the special allegations of the particular acts and omissions constituting the negligence relied upon. Appellant admits that appellee pleaded his cause of action generally, but contends that athough having pleaded three counts for a recovery generally he can take no advantage of such, and cannot invoke the res ipsa loquitur doctrine, because appellee saw proper to plead in another separate count specific acts and omissions of negligence on the part of appellant, and he thereby waived said doctrine and was held to proof of said specific acts and omissions alleged before he would be entitled to recover. Appellant relies principally for a reversal of this case upon the case of M., K. & T. Ry. Co. v. Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974, which opinion was written by that great jurist, the late Chief Justice Key; but that case is easily distinguishable from the case at bar in two main particulars: First, Thomas alleged all his facts of negligence as the basis of his cause of action in one count, some of which were general and some specific, and alleged only one cause of action; second, that case was submitted to the jury upon a general charge with specific instructions to find for Thomas, if the defendant was guilty of any negligence. In the instant case the appellee pleaded several facts of negligence in distinct groups or counts, in separate and distinct paragraphs, and the court submitted the case to the jury upon special issues, based upon the counts of general allegations of acts of negligence, as opposed to the facts alleging specific acts in a separate and distinct count, upon which specific count no evidence was offered in support of the specific facts alleged. So we must conclude that appellee having alleged, in separate and distinct counts, general matters of negligence entitling him to recover damages if proved, that he is not precluded from invoking the res ipsa loquitur doctrine in aid of such proof, although in a separate and distinct count from the one relied upon he did allege specific grounds of negigence, which specific grounds he did not rely upon nor make any attempt to prove, for it is well settled that a plaintiff may allege as many separate and distinct counts or groups of facts constituting his cause of action or causes of action, as he may see proper, and if any one of them alleges a cause of action and is sustained by proof, he is entitled to recover, although none of the other counts were proved. M., K. & T. Ry. Co. v Thomas, 63 Tex. Civ. App. 312, 132 S. W. 974;

Railway Company v. Hennessey, 75 Tex. 157, 12 S. W. 608; Ry. Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103; Dowdy v. Southern Traction Co. (Tex. Com. App.) 219 S. W. 1092; Trinity & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 169 S. W. 201; St. Louis S. W. Ry. Co. v. Parks, 97 Tex. 131, 76 S. W. 741; Washington v. Ry. Co., 90 Tex. 320, 38 S. W. 764; Canode v. Sewell (Tex. Civ. App.) 182 S. W. 421, 423; G., H. & S. A. Ry. Co. v. Callahan (Tex. Civ. App.) 124 S. W. 129; G., H. & S. A. Ry. Co. v. Patillo, 45 Tex. Civ. App. 572, 101 S. W. 492; Decatur Cotton Seed Oil Co. v. Belew (Tex. Civ. App.) 178 S. W. 607; Lantry-Sharpe Co. v. McCracken, 53 Tex. Civ. App. 627, 117 S. W. 453; Louisville Traction Co. v. Worrell, 44 Ind. App. 480, 86 N. E. 78; Washington-Virginia Ry. Co. v. Bouknight, 113 Va. 696. 75 S. E. 1032; Ann. Cas. 1913E, p. 546.

[19] Appellant's eleventh proposition that he is entitled to a new trial because of newly discovered evidence is not sustained: First, because the affidavit of diligence used to secure the evidence at the former trial is not sufficient, in that it merely alleges that the parties charged with the burden of using diligence used all the diligence of which they were capable, when it should have alleged or set forth the facts as to what was done to obtain the testimony in order for this court to determine therefrom if proper diligence had been used; and, second, because the evidence was cumulative with the testimony of three witnesses available by depositions taken by appellant and on file at the time of the trial, but not offered by appellant. The rule as to cumulative evidence alone, in many instances where substantial justice might be done by a new trial, would not prevent a reversal of the case; but in the instant case, because of a lack of proper showing of diligence to obtain the evidence, we do not feel disposed to disturb the judgment of the trial court, who heard the evidence upon this issue and decided it against the appellant. Mitchell v. Bass, 26 Tex. 373; Railway Company v. Forsyth, 49 Tex. 171; Hatchett v. Conner, 30 Tex. 104; Gulf, C. & S. F. Ry. Co. v. Blanchard, 96 Tex. 616, 75 S. W. 6.

We find no error of sufficient merit to reverse this case, and it is affirmed.

Affirmed.

### On Motion for Rehearing.

[20] Appellant's counsel have filed a very able and exhaustive motion for a rehearing, attacking our opinion upon the same grounds asserted originally. We do not recede from our former position, but, in view of appellant's severe attack upon our use of rule 62a as applied to his third proposition, we undertake to state an additional main reason why the introduction of the testimony complained of does not constitute error. The record discloses that another wit-

ness had, without objection, testified to the same matter, and the introduction of the testimony under such circumstances cannot be the basis of error.

[21] We also undertake to state an additional reason why appellant's fourth and ninth propositions are not well taken, in view of appellant's attack upon our holding thereon. Newton Sanders, the only surviving parent, by filing this suit as next friend of his minor son, and by seeking a recovery for his said minor son of damages for the loss of time and diminished earning capacity during minority, would be and is estopped to seek a recovery for such items of damages thereafter for himself. Hale v. McKenzie (Tex. Civ. App.) 198 S. W. 1004. Such acts and pleadings on the part of Newton Sanders, the sole surviving parent, is tantamount to a gift to his minor son of any claim or interest he may have in these items of damages, and he would thereafter be precluded from asserting any claim therefor. This rule, of course, would not apply in cases where the suit was brought by a next friend other than the surviving parent or parents of the minor.

We are of the opinion that the motion for a rehearing should be overruled; and it is so ordered.

Motion overruled.