## MELTON v. LOCKE.

### No. 3673.

Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1931.

Rehearing Denied Jan. 6, 1932.

Bean & Duggan, of Lubbock, for appellant.
Griffin & Sharp, of Plainview, for appellee.

HALL, C. J.

Melton sued Locke, alleging, in substance: That he owned a half section of land in Hale county, against which there was an indebtedness secured by liens amounting to $8,200. That Locke owned 86.7 acres of land in Dallas county, consisting of two tracts which are described by metes and bounds in the petition. That there was an indebtedness against said land evidenced by five notes of $500 each, one note for $300, and still another note for $2,850, besides interest. That in the latter part of November, 1928, H. L. Bartlett negotiated with plaintiff, proposing an exchange of plaintiff's land for Locke's land, representing that there was indebtedness thereon of about $5,800. That during the negotiations plaintiff proposed to exchange his half section in Hale county upon the basis of $45 per acre for Locke's land in Dallas county, upon a basis of $125 per acre, each party to assume the indebtedness against the land the other was receiving and Locke to pay the difference in the value of the respective equities, provided plaintiff would not have to pay out any cash at the time of the exchange. That thereafter, on December 26, 1928, plaintiff and his wife executed a warranty deed, conveying their Hale county land to Locke for a recited consideration of $6,121.40, that being the value of plaintiff's equity in the Hale county land, when valued at $45 per acre, and mailed the same to Bartlett, to be delivered to Locke upon the execution by Locke of a deed conveying his Dallas county land to plaintiff and the payment by Locke of the difference in value of the respective equities, provided said Locke pay all indebtedness due upon the land up to the time the exchange was effected. That plaintiff did not learn that one of the $500 notes was due January 1, 1929, until about January 20, 1929. That at such time Locke had not delivered his deed to plaintiff, nor had plaintiff's deed to Locke been delivered to the latter by Bartlett. That at such time plaintiff told the defendant Locke that he was not willing to consummate the exchange unless Locke would take care of the $500 note due January 1, 1929, to which Locke replied that he would take the matter up with Bartlett and see if it could be adjusted and further falsely and fraudulently told plaintiff that he (Locke) would notify him (Melton) what Bartlett said. That Locke thereupon falsely and fraudulently represented to Bartlett that everything was ready for the delivery of the deeds, and by such false and fraudulent representations induced Bartlett to deliver plaintiff's deed conveying the Hale county land to him, and delivered his deed conveying the Dallas county land, to Bartlett to be delivered to plaintiff. That, if plaintiff is mistaken in the allegation that Locke represented to Bartlett that everything was ready for the delivery of the deeds, then he alleges that Bartlett and defendant Locke entered into a conspiracy to defraud plaintiff of his land and agreed that plaintiff's deed should be delivered to Locke without having to pay the $500 note, and did thereby defraud and cheat plaintiff out of his land. That the act of Locke in securing plaintiff's deed without informing Bartlett that plaintiff was not willing to make the trade with the $500 note past due and unpaid and knowing that Bartlett was purporting to represent him (Locke) in said deal, as well as plaintiff, constituted a fraud and by virtue of said fraud defendant received plaintiff's deed to the Hale county land. That defendant did not pay plaintiff the difference of $1,062.75 in the respective equities at such time, and has never offered to make such payment. That shortly after the 26th of January, 1929, when plaintiff had received the deed from defendant Locke, the owner of the $500 note instituted foreclosure proceedings, declared all of the notes

due, and foreclosed his lien upon the Dallas county land, which was sold under order of sale to E. W. Groves, and by reason of such facts the plaintiff received no consideration whatever for his 320 acres of Hale county land. That, by virtue of the concealment by Locke of the fact that there was a note for $500 falling due against the Dallas county land on January 1, 1929, and the fraud and deceit above set out and the foreclosure of such lien by the owner of the notes as above set out, plaintiff has wholly lost his land, to his damage in the sum of $6,121.40, together with his interest from February 1, 1929; such being the value of the defendant's equity in the Dallas county land at the time of the sale, plus the difference in value of the respective equities of plaintiff and defendant, which defendant was to pay plaintiff. These allegations are followed by a prayer for the cancellation of his deed conveying the Hale county land to Locke, and that he have and recover title and possession thereof, for costs of suit, and for such other and further relief, in law and equity, as he may show himself entitled to.

The first count, the substance of which is hereinbefore set out, is subdivided into numerous numbered paragraphs.

By a second count, the plaintiff pleads in the alternative, adopting certain paragraphs of the first count, and on account of the fraud of defendant he sues for damages in the sum of $6,200 as the market value of his equity in the Hale county land at the time of the deed to Locke.

By a third count, in which he adopts four paragraphs in the first count of his petition as a part thereof, he alleges further: That Bartlett delivered the deed from plaintiff to Locke, and Locke delivered his deed conveying his Dallas county land, to Bartlett for delivery to plaintiff; said deed reciting a consideration of $5,225 cash and the assumption of all the notes described in paragraph 2 of this petition. That such deed was sent to this plaintiff by Bartlett, but Locke did not pay the difference of $1,062.75 and has wholly failed to pay such sum, to plaintiff's damage, wherefore plaintiff is entitled to an implied vendor's lien on the Hale county land to secure the payment of the aforesaid sum, with interest. There is a prayer in the alternative that, if he be not entitled to recover under either the first or second count of the petition, he have judgment against Locke for the amount of his debt, with a foreclosure of the implied lien, order of sale, etc.

The defendant answered by general demurrer and nine so-called special exceptions, which are not special exceptions, but are general demurrers to certain paragraphs of the petition. The court sustained six of these general demurrers, and the plaintiff refused to amend.

The parties proceeded to trial, and, when both sides had closed in the introduction of testimony, the court directed a verdict for the defendant.

■ The case is before us upon three propositions. The first is that the court erred in sustaining special exception No. 2, which is: "Defendant specially excepts to the allegations of paragraphs three, four, five and six contained in said petition and says that the same do not constitute any fraud on the part of this defendant that would give to plaintiff any right of action against defendant and for the further reason that same are vague, indefinite and uncertain."

It must be admitted that the plaintiff's petition is not as well drawn as it might have been, but we think it is sufficient as against any of the demurrers urged and sustained by the court. The plaintiff may plead as many several counts as he may think proper, Schaff v. Sanders (Tex. Civ. App.) 257 S. W. 670; Id. (Tex. Com. App.) 269 S. W. 1034, and may plead and prove as many inconsistent theories as he desires, and is entitled to have them all submitted, Northern Texas Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 41; Eldridge v. Eldridge (Tex. Civ. App.) 259 S. W. 209; Coon v. Ewing (Tex. Civ. App.) 275 S. W. 481.

■ While it is permissible for the plaintiff to plead the same cause of action in several different counts and by reference make allegations in one count parts of another, the better practice is, when he elects to plead in separate counts or to allege causes of action in different counts, one alternative to another, the allegations in each count or alternative plea should be complete and sufficient in themselves to show a cause of action and support the judgment. Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185.

■■ The principal defect in plaintiff's petition is that he has divided the several counts into paragraphs, and this seems to have caused all of the confusion resulting in the court's ruling. We think the petition is sufficient to entitle the plaintiff to a cancellation of the deed upon the ground of fraud. 7 Tex. Jur. 976, 977, 978, 980, 982. We think the allegations are further sufficient to entitle him to recover for a breach of the contract. 7 Tex. Jur. 910–912. They are also sufficient as against a general demurrer to entitle him to recover because of a failure of consideration. 7 Tex. Jur. 934.

■ A party is not required to plead his measure of damages. It is sufficient that he pleads the facts from which the court and jury may ascertain the measure of his damages. The action of the court in sustaining the demurrers requires a reversal of the judgment. Moreover, we think the petition

is sufficient under the provisions of R. S. art. 4004.

In view of another trial, we will briefly discuss two other questions. One is, the refusal of the Court to permit Melton to answer the following question, propounded by his counsel: "State whether or not you ever made a proposition to Mr. H. L. Bartlett for the exchange of the Hale County land which you owned to Mr. Locke for the Dallas County land which he owned." The defendant objected to the question because it was not shown that Bartlett was the agent of Locke and because any proposition he made Melton would not be binding on the defendant until it was first shown that Bartlett was the agent of Locke and there were no allegations to support the question. The bill shows that, if the witness had been permitted to testify, he would have stated that Bartlett made the proposition that plaintiff would trade his Hale county land at a valuation of $45 per acre for defendant's Dallas county land at a valuation of $125 per acre, each party to assume the indebtedness against the land he was purchasing, the difference in the value of the equities to be paid by the defendant to plaintiff.

The ruling of the court was certainly error. This was the very contract upon which the suit was based. Bartlett was the broker negotiating the exchange, and the evidence shows that he was the agent of both parties. This question was considered by this court in Mitchell v. Crossett, 143 S. W. 965, 966, in which it is said: "The principal objection urged to all this testimony is that a party cannot give in evidence his own declarations, made to third persons, in regard to particular facts, when the adverse party is not present. This testimony is all admissible as tending to show the efforts made by appellee to comply with the contract and procure a purchaser for the land. It is not subject to the objection urged against it, because it is part of the res gestae. If appellant's objection should be sustained, and was the proper rule in such cases, proof of compliance with the terms of a real estate brokerage contract by the broker would be rendered practically impossible, and would require the broker to bring prospective purchasers into the presence of the owner of the premises for the purpose of carrying on the negotiations, and such is not the law." See, also, Haskell v. Merrill (Tex. Civ. App.) 242 S. W. 331.

The case was tried on plaintiff's third amended original petition and defendant's amended answer, in which the defendant pleads the two-year statute of limitation, because the action is based upon a verbal contract. The original petition has not been made a part of the transcript, but we suggest

to the court and counsel that the Forty-Second Legislature, by chapter 115, § 1 (Vernon's Ann. Civ. St. art. 5539b), has declared that, "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

For the reasons stated, the judgment is reversed, and the cause is remanded.