## LOCKE v. MELTON.
### No. 1689—6195.

Commission of Appeals of Texas, Section A.
June 24, 1933.

· Griffin & Sharp, of Plainview, for plaintiff in error.

Bean & Duggan, of Lubbock, for defendant in error.

HARVEY, Presiding Judge.

This suit was brought by the defendant in error, A. J. Melton, against the plaintiff in error, Will H. Locke, for relief in various forms. The case was tried before a jury, and at the conclusion of the testimony the trial court instructed a verdict for Locke, and judgment was entered accordingly. The Court of Civil Appeals reversed that judgment and remanded the cause. 44 S.W.(2d) 799. The case is now before us on writ of error.

The petition of the plaintiff, Melton, contains three distinct counts. In the first count he seeks relief by way of cancellation of a deed to a certain tract of land in Hale county, as hereinafter shown. In the second count a cause of action for damages on account of fraud is alleged. In the third count a cause of action for the recovery of the liquidated sum of $1,062.75, and the foreclosure of an implied vendor's lien, is alleged. The trial court sustained a so-called special exception to various paragraphs of the first count of the petition, but which exception is, to all legal intents and purposes, a general exception to the allegations contained in said first count. The Court of Civil Appeals held that the trial court erred in sustaining this exception. The allegations contained in said first count of the petition are substantially as follows:

That in November, 1928, Melton owned a half section of land in Hale county, and same was incumbered with an indebtedness of $8,200; that Locke owned a tract of 86.7 acres in Dallas county, which was incumbered with an indebtedness of about $5,800. That in November, 1928, Locke had his Dallas county land listed for sale, with one H. L. Bartlett, a real estate broker; that Bartlett began negotiations with Melton looking to an ex-

change of the Dallas county land for the Hale county land. During the negotiations, Melton proposed to trade his Hale county land for the Dallas county land on the following terms: For the purposes of the trade, the Hale county land was to be valued at $45 per acre and the Dallas county land at $125 per acre, and each party to the trade was to assume the indebtedness against the land received by him in the trade, and Locke was to pay, in cash at the time the trade was concluded, the amount of the difference in value between the equity of Melton in the Hale county land, and that of Locke in the Dallas county land, and that Melton "would not have to pay out any cash at the time of the deal." That thereafter, on December 26, 1928, Melton and wife duly signed and acknowledged a warranty deed which purported a conveyance of the Hale county land to Locke. That Melton sent his deed to Bartlett by mail, to be delivered by him to Locke upon the execution by the latter of a deed to the Dallas county land, and fulfillment by him of the other conditions specified in the proposal submitted by Melton to Bartlett as stated above. That after mailing the said deed to Bartlett, to wit, about January 20, 1929, Melton, for the first time, learned that one of the outstanding lien notes for $500, against the Dallas county land, had fallen due on January 1, 1929. The petition then proceeds with the following allegations:

"That at such time (January 20, 1928) the defendant Locke had not delivered his deed to this plaintiff and plaintiff's deed to Locke of the Hale County land had not been delivered by Bartlett. That at such time, plaintiff told the defendant Locke that he was not willing to go ahead and make the trade unless Locke would take care of the $500 note due January 1st, 1929. That the said Locke then told this plaintiff that he would take the matter up with Bartlett and see if the matter could be adjusted, and further falsely and fraudulently told this plaintiff that he, Locke, would notify him, Melton, what Bartlett said, thereby leading plaintiff to believe he would not get the deed from Bartlett until the note was paid. That said Locke thereupon falsely and fraudulently represented to said Bartlett that everything was ready for the delivery of the deeds and by such false and fraudulent representations induced Bartlett to deliver plaintiff's deed of the Hale County land to him, Locke, and delivered his deed to the Dallas County land to Bartlett for delivery to plaintiff.

"6. That if plaintiff is mistaken in the allegation Locke represented to Bartlett that everything was ready for the delivery of deeds, that Bartlett and defendant Locke entered into a conspiracy to defraud and cheat plaintiff out of his land, and agreed that plaintiff's deed should be delivered to Locke without paying the $500 note, and did thereby defraud and cheat this plaintiff out of his land. That the act of the defendant Locke in accepting plaintiff's deed after having learned of the fact that plaintiff was not willing to make the trade with the $500 note past due and unpaid, and knowing that Bartlett was purporting to represent him, Locke, in said deal, as well as plaintiff, constituted a fraud, and by virtue of said fraud defendant received plaintiff's deed to the Hale County land.

"That defendant Locke did not pay plaintiff the difference of $1,062.75 in the respective equities at such time and has never offered to make such payment.

"7. That shortly after the 26th of January, 1929, when plaintiff received the deed aforesaid from defendant Locke, a foreclosure suit was filed by the owner of the notes upon the Dallas County land, by reason of the fact that the $500 note hereinabove described had become due and was not paid, and the owner of such note foreclosed his lien upon such Dallas County land and same was sold under order of sale, to E. W. Groves, and by reason of such facts the plaintiff received no consideration whatever for his three hundred twenty acres of Hale County land."

This count of the petition concludes with a prayer for cancellation of the deed to the Hale county land, and general relief.

Careful consideration of the foregoing averments leads us to conclude that the Court of Civil Appeals erred in holding same sufficient to show a cause of action for cancellation as sought. It appears from the face of the pleading that Melton received the Locke deed to the Dallas county land, and there is no averment to show that same was not accepted or to show that Melton was diligent in repudiating the transaction. On the contrary, it appears that he stood idly by and allowed the status quo to be materially changed by the foreclosure of the lien against the Dallas county land. The trial court properly sustained the exception in question.

The case went to trial before a jury on the issues presented in the second and third counts of the petition. At the conclusion of the testimony, the trial court, as said, instructed the jury to return a verdict for Locke. This instruction was properly given. The suit based on the second count of the petition was for the recovery of damages for fraud. The alleged fraud is the same as alleged in the first count, as hereinabove stated. There was no testimony introduced to show what damage Melton has suffered on account of the alleged fraud, or to afford a sufficient basis for the estimation of damages in that respect.

The suit based on the third count of the petition is for the sum of $1,062.75, which is alleged to be the amount of the difference between the value of the respective equities

of the parties to the trade in the respective tracts of land involved in the trade, and which difference, so it is alleged, Locke agreed to pay to Melton, in cash, as part of the consideration for the Hale county land. The evidence introduced is insufficient to raise a fact issue as to such agreement having been made. Melton contends, however, that the trial court erred in excluding from the jury certain testimony as follows: Melton offered to testify to the fact that he "proposed to Bartlett to trade his Hale County land to the defendant (Locke) on the basis of $45 per acre, for the defendant's Dallas County land on the basis of $125 per acre, each party to assume the indebtedness against the land he was purchasing, the difference in value of the equities to be paid by the defendant to be paid in cash." Counsel for Locke objected to this testimony, which objection was to the effect that it had not been shown in testimony that Bartlett was the agent of Locke, and until this fact was shown the above testimony offered was inadmissible. The trial court sustained said objection, and we see no reason to say that this ruling was erroneous at the time it was made. The bill of exception presenting this matter does not show that the ruling is erroneous. In other words, there is nothing in the bill to show that any testimony had been introduced, or was expected to be introduced, to prove that Bartlett was the agent of Locke. The trial court, in ruling on the objection made, was not required to assume that the preliminary proof called for would be supplied. In the qualification attached to this bill of exception, the trial court certifies, in effect, that such preliminary proof was lacking when the ruling in question was made.

We recommend that the judgment of the Court of Civil Appeals reversing the trial court's judgment be reversed, and that the judgment of the trial court be in all things affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.